960 So.2d 740 (2006)
Ex parte State of Alabama
(In re William Buster HOLT
v.
STATE of Alabama).
1050800.
Supreme Court of Alabama.
December 22, 2006.
Troy King, atty. gen., and Kevin C. Newsom, deputy atty. gen., and Stephanie N. Morman and Stephen N. Dodd, asst. attys. gen., for petitioner.
*741 Morgan Butler, Scottsboro, for respondent.
Prior report: Ala.Cr.App., 960 So.2d 726.
BOLIN, Justice.
WRIT QUASHED. NO OPINION.
LYONS, HARWOOD, WOODALL, and SMITH, JJ., concur.
NABERS, C.J., and SEE, STUART, and PARKER, JJ., dissent.
SEE, Justice (dissenting).
I dissent from the decision to quash the writ of certiorari. Kirby v. State, 899 So.2d 968, 974 (Ala.2004), says that the trial judge will decide "whether a defendant is a nonviolent offender . . . based upon the nature of the defendant's underlying conviction, other factors brought before the judge in the record of the case, and information submitted to the judge by the [Department of Corrections] and the Parole Board concerning the inmate's behavior while incarcerated." Kirby, however, does not specify what weight, if any, should be assigned to the latter two factors if the underlying conviction is for a violent offense. Therefore, I would grant the State's petition for the writ of certiorari as presenting a question of first impression  whether other factors can overcome the fact that the defendant's underlying conviction is for a violent offense.
Moreover, I write specially because I believe that § 13A-5-9.1, Ala.Code 1975, may well violate the separation-of-powers provisions of the Alabama Constitution as a legislative incursion into the power reserved to the judiciary. My review of the issue that William Buster Holt raises, and, by necessity, of § 13A-5-9.1, requires me to consider the mandate the legislature purports to confer upon the courts by its enactment of § 13A-5-9.1; in other words, this Court must consider what it is that § 13A-5-9.1 intends to require a trial court to do. We noted in Kirby that § 13A-5-9.1 purports to confer jurisdiction on trial courts to reopen the final sentences of habitual felons.[1] Insofar as § 13A-5-9.1 goes beyond such a conferring of jurisdiction and requires a trial court to entertain a motion to reopen a final judgment, it would appear that it impinges on the core judicial power and is, therefore, unconstitutional. Neither party raised this constitutional question; however, this Court must determine the constitutionality of a statute where the statute is essential to the decision of the actual controversy that is before this Court.[2]
The Constitution of Alabama of 1901 "`expressly adopts the doctrine of separation of powers that is only implicit in the Constitution of the United States.'" McInnish v. Riley, 925 So.2d 174, 178 (Ala.2005)(quoting Birmingham-Jefferson Civic Ctr. Auth. v. City of Birmingham, *742 912 So.2d 204, 212 (Ala.2005)). Section 42 of the Alabama Constitution provides:
"The powers of the government of the State of Alabama shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are legislative, to one; those which are executive, to another; and those which are judicial, to another."
Section 43 of the Alabama Constitution provides:
"In the government of this state, except in the instances in this Constitution hereinafter expressly directed or permitted, the legislative department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers, or either of them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men."
The Alabama Constitution thus "mandates that no branch of government be allowed to exercise any power vested in another branch and not vested in it." Ex parte Jenkins, 723 So.2d 649, 654 (Ala.1998).[3]
"[T]he core judicial power is the power to declare finally the rights of the parties, in a particular case or controversy, based on the law at the time the judgment becomes final." Jenkins, 723 So.2d at 656. See also Jenkins, 723 So.2d at 656 ("`"[A] judgment conclusively resolves the case" because "a judicial Power" is one to render dispositive judgments.'") (quoting Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 219, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1994), quoting in turn Easterbrook, Presidential Review, 40 Case W. Res. L.Rev. 905, 926 (1990) ). A judicial decision that has achieved finality "`becomes the last word of the judicial department with regard to a particular case or controversy, and Congress may not declare by retroactive legislation that the law applicable to that very case was something other than what the courts said it was.'" Jenkins, 723 So.2d at 656 (quoting Plaut, 514 U.S. at 227, 115 S.Ct. 1447).
"`The finality that a court can pronounce is no more than what the law in existence at the time of judgment will permit it to pronounce. If the law then applicable says that the judgment may be reopened for certain reasons, that limitation is built into the judgment itself, and its finality is so conditioned.'"
Jenkins, 723 So.2d at 656 (quoting Plaut, 514 U.S. at 234, 115 S.Ct. 1447).
In Jenkins, we determined that § 26-17A-1(a), Ala.Code 1975, violated the separation-of-powers doctrine because that section requires the courts to retroactively apply that section and to reopen a judgment previously determined to be final. Section 26-17A-1(a) provides that one previously adjudicated to be the father of a child can petition the trial court to reopen the final judgment of paternity, without regard to the "reasonable time" requirement of Rule 60(b)(6), Ala. R. Civ. P.,[4] and *743 "the case shall be reopened if there is scientific evidence presented by the defendant that he is not the father." The child's guardian ad litem argued that § 26-17A-1 impinges on the judicial power to finally adjudicate cases and controversies and that the legislative command violates the separation-of-powers principle manifested in the Alabama Constitution. We agreed, and we held that the legislature cannot retroactively change the law of finality that was incorporated into final judgments before the legislature enacted § 26-17A-1. Jenkins, 723 So.2d at 655-58. See also Plaut, 514 U.S. at 228, 115 S.Ct. 1447 ("The separation-of-powers violation . . . consists of depriving judicial judgments of the conclusive effect that they had when they were announced. . . ."). Therefore, we held that "to the extent § 26-17A-1 is applied retroactively to change the reopening provisions incorporated into paternity judgments that became final before that section was enacted, it impinges on the core judicial power." Jenkins, 723 So.2d at 656.
In Kirby, supra, Junior Mack Kirby moved the trial court for reconsideration of his sentence pursuant to § 13A-5-9.1, Ala.Code 1975. The trial court found § 13A-5-9.1 "unconstitutional because it impermissibly delegated power [from the legislative branch of government] to another branch of government [the judicial branch] by failing to establish criteria determining who was a `nonviolent convicted offender.'" Kirby, 899 So.2d at 970. The Court of Criminal Appeals dismissed Kirby's appeal because it determined that "a motion not recognized by the Alabama Rules of Criminal Procedure, filed when there is no action pending before the trial court, is insufficient to invoke the trial court's jurisdiction." Kirby, 899 So.2d at 971. We granted the State's petition for certiorari review. The State and Kirby argued, in part, that the trial court had jurisdiction to hear Kirby's motion for sentence reconsideration under § 13A-5-9.1. We agreed, and we held that because Kirby's sentence-reconsideration motion was filed under § 13A-5-9.1, a statute that commands the reconsideration of his sentence, the trial court had the authority to hear his motion, notwithstanding that no action was then pending before that court. Kirby, 899 So.2d at 971.
The State argued that § 13A-5-9.1 violates the separation-of-powers doctrine because, the State argued, it delegates to the judicial branch the authority to grant parole, which under our constitution is a legislative power. 899 So.2d at 973. We rejected the State's argument, concluding that because § 13A-5-9.1 grants trial courts the authority only to modify a habitual felon's sentence deemed final so that the habitual felon may be eligible for parole, it does not confer the power to grant parole upon the judicial branch. 899 So.2d at 973. We did not consider, however, whether § 13A-5-9.1 violates the separation-of-powers doctrine by requiring trial courts to apply "[t]he provisions of § 13A-5-9 . . . retroactively," thereby changing the law of finality that was incorporated into the sentence at the time the sentence became final.
Section 13A-5-9.1 states in part that "[t]he provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or presiding judge. . . ."[5] Thus, *744 § 13A-5-9.1 commands the courts to change retroactively the law of finality that was incorporated into final judgments before the legislature amended § 13A-5-9.[6] Therefore, to the extent that § 13A-5-9.1 requires the provisions of § 13A-5-9 to be applied "retroactively to change the reopening provisions incorporated into . . . judgments that became final before that section was enacted, it impinges on the core judicial power." Jenkins, 723 So.2d at 656.
The judicial branch of government has the inherent power to reopen its final judgments, as a concomitant power of the core judicial power to render final judgments. However, because the legislature cannot, under the separation-of-powers doctrine, require the court to reopen Holt's final sentence and consider new factors or reconsider old ones, it would follow that the trial court "has the discretion to hold that an inmate who has been convicted of a `violent offense' is as a matter of law a violent offender and, consequently, not eligible for sentence reconsideration as provided in § 13A-5-9.1," as Justice Stuart states. 960 So.2d at 744. Thus, there would be no error on the part of the trial court in refusing to reconsider Holt's sentence pursuant to § 13A-5-9.1. The legislature cannot require the trial court to reopen what has been finally adjudicated.
I dissent from this Court's decision to quash the petition for the writ of certiorari because I believe it raises a question of first impression that should be addressed.
STUART, Justice (dissenting).
Because I would address the merits of this case and reverse the judgment of the Court of Criminal Appeals, I respectfully dissent. See Holt v. State, 960 So.2d 726 (Ala.Crim.App.2005).
The State petitioned this Court for a writ of certiorari to address an issue of first impression: Whether a circuit court has the discretion to hold that an inmate who has been convicted of a "violent offense" is as a matter of law a violent offender and, consequently, not eligible for sentence reconsideration as provided in § 13A-5-9.1, Ala.Code 1975. This Court exercised its discretion and issued the writ. In its brief addressing the merits of this issue, the State only asked us to adopt the approach of the United States Supreme Court in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), for defining the term "violent felony or serious drug offense" used in the Armed Career Criminals Act of 1984. I, however, believe that this issue may be resolved by interpreting and construing *745 Alabama statutes. The majority, however, declines to adopt my reasoning because our review is discretionary and my reasoning was not urged by the State.
Before 2000, the Alabama Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975 ("the HFOA"), provided that, if a criminal defendant had three prior felony convictions, upon conviction of a fourth felony the sentencing judge must sentence the defendant to imprisonment for life without the possibility of parole. In 2000, the legislature amended the HFOA to provide:
"(c) In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he or she must be punished as follows:
". . . .
"(2) On conviction of a Class B felony, he or she must be punished by imprisonment for life or any term of not less than 20 years.
"(3) On conviction of a Class A felony, where the defendant has no prior convictions for any Class A felony, he or she must be punished by imprisonment for life or life without the possibility of parole, in the discretion of the trial court.
"(4) On conviction of a Class A felony, where the defendant has one or more prior convictions for any Class A felony, he or she must be punished by imprisonment for life without the possibility of parole."
Thus, the 2000 amendment provided judges with the discretion, when sentencing a defendant, to order the defendant to serve a sentence of life imprisonment when convicted of a fourth felony offense, provided that the fourth felony conviction was not for a Class A felony or was for a Class A felony and the defendant had not previously been convicted of a Class A felony.
In 2001, the legislature enacted § 13A-5-9.1, Ala.Code 1975, which provided that the 2000 amendment to the HFOA "shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court."
At the time § 13A-5-9.1, Ala.Code 1975, became effective the question arose as to how a circuit court retained the authority to reconsider an inmate's sentence when that court normally loses jurisdiction to modify a defendant's sentence in a criminal case within 30 days of sentencing if a postjudgment motion is not filed. Kirby v. State, 899 So.2d 968, 971 (Ala.2004), citing Massey v. State, 587 So.2d 448, 449 (Ala. Crim.App.1991)("If a motion for a new trial or a request to modify a sentence is not filed within 30 days of sentencing, the trial court loses all jurisdiction to modify the sentence."). In Kirby, this Court held that the legislature, in enacting § 13A-5-9.1, had vested the circuit courts with jurisdiction to consider an inmate's motion seeking reconsideration of the inmate's sentence. Additionally, this Court held that § 13A-5-9.1, Ala.Code 1975, was not unconstitutional. In so holding, we stated:
"[T]he state's trial judges have the authority under the statute to determine whether a defendant is a nonviolent offender and . . . those judges are competent to make that determination based upon the nature of the defendant's underlying conviction, other factors brought before the judge in the record of the case, and information submitted to the judge by the [Department of Corrections] and the Parole Board concerning the inmate's behavior while incarcerated. *746 It is axiomatic that only the sentencing judge or the presiding judge should evaluate the inmate's crime and his or her conduct associated with that crime in deciding whether the inmate is a nonviolent offender, just as the judge evaluated those factors at the time the inmate was originally sentenced. Another factor in determining whether the inmate is a nonviolent offender, however, should be a consideration of the inmate's conduct while incarcerated, which knowledge is within the purview of the [Department of Corrections]. Section 13A-5-9.1 provides that the [Department of Corrections] will conduct an evaluation of the inmate's performance while incarcerated and submit its evaluation to the court so the judge can take that information into account in determining whether the inmate is eligible for reconsideration of his or her sentence."
899 So.2d at 974. We further stated that if the Department of Corrections failed to provide an evaluation as contemplated by the statute, that failure did not prevent the circuit court from ruling on a motion for sentence reconsideration but meant that "the State will have waived any input as to the inmate's conduct while incarcerated that the sentencing judge or the presiding judge might otherwise have considered in determining whether the inmate is a nonviolent offender." 899 So.2d at 975. Thus, Kirby established the constitutionality of § 13A-5-9.1, Ala.Code 1975; established that the circuit court has the authority to entertain a motion for sentence reconsideration filed pursuant to § 13A-5-9.1; and established that when reviewing such a motion the circuit court may consider certain factors in its analysis.
In this case, the State presented what is in my opinion a question of first impression requiring this Court to engage in additional analysis of § 13A-5-9.1, Ala. Code 1975: Whether a circuit court, when ruling on a motion for sentence reconsideration filed pursuant to § 13A-5-9.1, can determine that an inmate who has been convicted of a "violent offense" is, as a matter of law, not a "nonviolent convicted offender" and deny the motion without further consideration. Although some may argue that this question is not one of first impression in light of our language in Kirby, I maintain that this particular issue was not raised or considered in Kirby; therefore, this question has not been addressed. To the extent that it can be argued that Kirby provides stare decisis on this issue, I urge the State to request that this Court overrule Kirby. See Rule 39(a)(1)(E), Ala. R.App. P. Regardless of how the issue is presented, I would address it as follows.
Section 13A-5-9.1 provides that only "nonviolent convicted offender[s]" are eligible for sentence reconsideration. Thus, this case presents the following question: Can a court determine as a matter of law that an inmate who has been convicted of a violent offense is ineligible for sentence reconsideration under § 13A-5-9.1?
The threshold consideration when reviewing an inmate's motion for sentence reconsideration filed pursuant to § 13A-5-9.1 is the nature of the inmate's underlying offense. Just as the legislature provided guidelines for a court's discretion in determining the length of a defendant's original sentence,[7] the legislature has provided guidance for the court, albeit not as clear, *747 for determining who is a "nonviolent convicted offender." This guidance requires the interpretation of the plain meaning of the statutes and then the reading of these statutes together.
"The polestar of statutory construction is to ascertain and give effect to the Legislature's intent in enacting a statute. Norfolk S. Ry. v. Johnson, 740 So.2d 392, 396 (Ala.1999). When a court construes a statute, `[w]ords used in [the] statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says.' IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346 (Ala. 1992)."
Ex parte Berryhill, 801 So.2d 7, 9-10 (Ala. 2001). Additionally, reasonableness must be read into the provisions of the statute at issue. Bolton v. Board of School Comm'rs of Mobile County, 514 So.2d 820, 824 (Ala.1987). Lastly, "[s]ections of the Code dealing with the same subject matter are in pari materia. As a general rule, such statutes should be construed together to ascertain the meaning and intent of each." Locke v. Wheat, 350 So.2d 451, 453 (Ala.1977) (citations omitted).
With these principles in mind, I now analyze the relevant statutes addressing sentence reform to determine whether an inmate convicted of a violent offense can be considered a "nonviolent convicted offender" for purposes of § 13A-5-9.1. Section 13A-5-9.1 provides that a court may modify the sentence of only "nonviolent convicted offender[s]." It is important to note that the statute does not refer to "each nonviolent convicted offender determined to be such based on evaluations, etc." In § 13A-5-9.1, the term "nonviolent convicted offender" stands alone, and what is to be "based on" the Department of Corrections' evaluations is the judge's decision whether to reduce a sentence.
Like § 13A-5-9.1, the "Alabama Sentencing Reform Act of 2003"  § 12-25-30 to -38, Ala.Code 1975  addresses modifications in sentencing. Section 12-25-32(6), Ala.Code 1975, defines "nonviolent offender" as "[a]ny offender who does not qualify as a violent offender pursuant to subdivision (12)". Section 12-25-32(12), Ala.Code 1975, defines a "violent offender" as
"an offender who has been convicted of a violent offense, or who is determined by the trial court judge or a release authority to have demonstrated a propensity for violence, aggression, or weapons related behavior based on the criminal history or behavior of the offender while under supervision of any criminal justice system agency or entity."
A "violent offense" is defined in § 12-25-32(13), which lists 45 offenses and their corresponding Code sections and includes a "catchall" violent-offense category in (13)46., providing that a "violent offense" will include "[a]ny substantially similar offense for which an Alabama offender has been convicted under prior Alabama law or the law of any other state, the District of Columbia, the United States, or any of the territories of the United States."
When the legislature's definitions of a "nonviolent offender," "violent offender," and "violent offense" are considered, common sense and logic dictate that one who pleads guilty to or is convicted by a jury of a "violent offense" is a "violent offender." Thus, reading §§ 13A-5-9.1 and 12-25-32, Ala.Code 1975, together requires the conclusion that if an inmate has been convicted of an offense that is defined by the legislature as violent, the inmate is a violent convicted offender and, consequently, as a matter of law is not a "nonviolent convicted offender" and is not eligible for *748 sentence reconsideration under § 13A-5-9.1. See United States v. Freeman, 44 U.S. 556, 556, 11 L.Ed. 724 (1845) (stating that "if it can be gathered from a subsequent statute in pari materia what meaning the legislature attached to the words of the former statute, they will amount to a legislative declaration of its meaning and will govern the construction of the first statute"). Indeed, it is only logical that the definition of a "nonviolent convicted offender" would exclude inmates who have been convicted of violent offenses. To hold otherwise would subvert the effect of a conviction for a violent offense that is based on a defendant's plea of guilty to or a jury's verdict finding a defendant guilty beyond a reasonable doubt of the commission of the violent offense. The legislature, by defining a "violent offense," and the jury or trial court, by finding a defendant guilty of committing a violent offense, have determined that the defendant is a violent offender. This determination cannot be disturbed by a court's considering a motion for sentence reconsideration filed pursuant to § 13A-5-9.1, Ala.Code 1975.[8] Thus, if an inmate has been convicted of a violent offense, he is a violent offender and is not eligible for sentence reconsideration under § 13A-5-9.1, Ala.Code 1975.
Because I would address the merits of this petition and hold as indicated, I respectfully dissent.
NABERS, C.J., and PARKER, J., concur.
NOTES
[1] We also addressed in Kirby two constitutional questions that were raised in that case. See Kirby, 899 So.2d at 973 ("The State first argues that § 13-5-9.1 is unconstitutional because, it argues, that section improperly delegates to the judicial branch of government the authority to grant parole, a power reserved to the legislative branch, thereby violating the separation-of-powers clause contained in § 43, Ala. Const. of 1901," and "The State also argues that § 13A-5-9.1 is unconstitutionally vague. . . ."). I address here a third constitutional question not addressed in Kirby.
[2] See State ex rel. Bland v. St. John, 244 Ala. 269, 278, 13 So.2d 161, 168 (1943) ("`As a general rule, the constitutionality of a statute will be passed on only if, and to the extent that, it is directly and necessarily involved in a justiciable controversy and is essential to the protection of the rights of the parties concerned.'" (quoting 16 C.J.S. Constitutional Law § 94)).
[3] In Birmingham-Jefferson Civic Center Authority v. City of Birmingham, 912 So.2d at 212-13, we stated:

"`"Great care must be exercised by the courts not to usurp the functions of other departments of government. § 43, Constitution 1901. No branch of the government is so responsible for the autonomy of the several governmental units and branches as the judiciary."' Piggly Wiggly No. 208, Inc. v. Dutton, 601 So.2d 907, 911 (Ala.1992) (quoting Finch v. State, 271 Ala. 499, 503, 124 So.2d 825, 829 (1960))."
[4] Rule 60(b), Ala. R. Civ. P., provides, in part:

"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for [certain stated reasons]. . . . This rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three (3) years after the entry of the judgment . . . to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court."
[5] In Kirby we cited Jenkins for the proposition that "the Legislature has the power to vest circuit courts with the authority to reopen a case that had previously been deemed closed and in which the court's decision was deemed final." Kirby, 899 So.2d at 971. It is true that the legislature may prospectively authorize the courts to reopen judgments that become final; however, Jenkins held that the legislature may not require trial courts to reopen any final judgment that, at the time it became final, the law did not provide for the courts to reopen. See Jenkins, 723 So.2d at 656 ("[T]o the extent § 26-17A-1 is applied retroactively to change the reopening provisions incorporated into paternity judgments that became final before that section was enacted, it impinges on the core judicial power.").
[6] Section 13A-5-9.1 reads in its entirety:

"The provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court."
This is a command to apply the law as it is stated in § 13A-5-9 to cases that have been decided, and it does not by its terms exclude those judgments that have become final.
[7] See, e.g., § 13A-5-6, Ala.Code 1975 (prescribing the sentences of imprisonment for felonies); § 13A-5-7 (prescribing the sentences of imprisonment for misdemeanors and violations); and § 13A-5-9 (prescribing the sentences of imprisonment for habitual felony offenders).
[8] If an inmate has been convicted of an offense that has not been defined by the legislature as a violent offense, then and only then can the court, when considering a motion for sentence reconsideration filed pursuant to § 13A-5-9.1, Ala.Code 1975, exercise the discretion discussed in Kirby and consider the nature/facts of the underlying conviction.