972 So.2d 821 (2007)
Ex parte Lacy Ray BUTLER.
(In re Lacy Ray Butler
v.
State of Alabama).
1051636.
Supreme Court of Alabama.
March 16, 2007.
Lacy Ray Butler, pro se.
Troy King, atty. gen., Kevin C. Newsom, deputy atty. gen., and J. Thomas Leverette, asst. atty. gen., for respondent.
WOODALL, Justice.
In 1984, Lacy Ray Butler was convicted of first-degree rape and first-degree robbery and was sentenced for each offense, as a habitual felony offender, to life imprisonment without the possibility of parole. See § 13A-5-9, Ala.Code 1975. In March 2005, Butler filed a motion pursuant to § 13A-5-9.1, Ala.Code 1975, asking the trial court to reconsider his sentences and to resentence him to life imprisonment with the possibility of parole.
"[T]he trial court had jurisdiction pursuant to § 13A-5-9.1 to consider [Butler's] motion to reconsider his sentence." Kirby v. State, 899 So.2d 968, 972 (Ala.2004). In Kirby, this Court discussed the classes of habitual offenders eligible for resentencing, as well as the factors to be considered *823 by the trial court in determining whether an inmate is a nonviolent offender, stating, in pertinent part:
"Reading § 13A-5-9.1 in conjunction with § 13A-5-9 [the Habitual Felony Offender Act (`HFOA')], it is clear that a sentencing judge or a presiding judge can resentence only two narrowly defined classes of habitual offenders: those who had been sentenced to life imprisonment without the possibility of parole under the mandatory provisions of the HFOA upon conviction of a Class A felony with no prior Class A felony convictions; and those who had been sentenced to life imprisonment under the mandatory provisions of the HFOA upon conviction of a Class B felony. Moreover, of those habitual offenders, the judge can resentence only those who are nonviolent offenders.

"We conclude that the state's trial judges have the authority under the statute to determine whether a defendant is a nonviolent offender and that those judges are competent to make that determination based upon the nature of the defendant's underlying conviction, other factors brought before the judge in the record of the case, and information submitted to the judge by the DOC [Department of Corrections] and the Parole Board concerning the inmate's behavior while incarcerated. It is axiomatic that only the sentencing judge or the presiding judge should evaluate the inmate's crime and his or her conduct associated with that crime in deciding whether the inmate is a nonviolent offender, just as the judge evaluated those factors at the time the inmate was originally sentenced. Another factor in determining whether the inmate is a nonviolent offender, however, should be a consideration of the inmate's conduct while incarcerated, which knowledge is within the purview of the DOC. Section 13A-5-9.1 provides that the DOC will conduct an evaluation of the inmate's performance while incarcerated and submit its evaluation to the court so the judge can take that information into account in determining whether the inmate is eligible for reconsideration of his or her sentence."
899 So.2d at 974 (emphasis added).
On July 13, 2005, Judge John Bush, the presiding judge of the Autauga Circuit Court, granted Butler the relief he sought, stating, in pertinent part:
"This matter is before the Court upon [Butler's] Motion for Reconsideration of Sentence pursuant to Section 13A-5-9.1 and the Kirby decision.
". . . .
"In determining whether [Butler] is a non-violent offender this Court is to look to the nature of [Butler's] underlying conviction, [Butler's] prison record, information submitted concerning [Butler's] behavior while incarcerated, and other factors in the record of the case.
"Since [Butler] was tried and convicted in October, 1984 before the Hon. Walter C. Hayden, Jr., prior to this Judge coming to the bench, this Court has very little information concerning the underlying conviction. The District Attorney did provide information to the Court at the hearing from his file that indicated that [Butler] abducted a 17-year-old female from a convenience store when she got off of work and took her off and raped her and then returned to the store and forced her to open the safe and took some $3000.00.
"The Court has reviewed the records submitted by the Department of Corrections. [Butler] has received ten (10) behavior citations and twenty (20) disciplinaries over the almost 21 years that he has been incarcerated. None of those contained any violence. [Butler] did receive a positive report from his *824 work supervisor indicating that he was a good worker, was respectful to others and did not create a problem.
"[Butler's] prior felonies upon which his sentence was enhanced were all class C, breaking and entering convictions out of North Carolina. These convictions would be the equivalent of burglary[-in-the-third-degree] convictions in Alabama. Upon reviewing the North Carolina records of [Butler's] prior convictions, the Court also located a 1982 case where [Butler] was convicted of assault on a female, a misdemeanor.
"Based upon the foregoing, the Court finds in weighing all of the factors that [Butler] may be considered a `non-violent' offender and that the sentence previously imposed upon him is due to be modified."
On July 26, 2005, the State filed a motion asking the trial court to reconsider its ruling on Butler's motion. The State requested that the trial court give greater weight to the violent nature of the offenses of which Butler had been convicted. On August 2, the State supplemented its motion to include a statement from the victim.
On September 2, 2005, the trial court entered an order purporting to set aside its July 13 order and to reinstate Butler's sentences of life imprisonment without the possibility of parole. In its September 2 order, the trial court stated: "Although the defendant meets the criteria for being a non-violent offender based upon his prior felony convictions and his prison record, the facts underlying his convictions in this case establish that he is a violent offender who is not eligible for a reduced sentence under Kirby." Thus deprived of the relief he had sought, and initially obtained, Butler appealed to the Court of Criminal Appeals.
The Court of Criminal Appeals affirmed the trial court's September 2, 2005, order denying Butler's motion for reconsideration of his sentences. Butler v. State, 972 So.2d 817 (Ala.Crim.App.2006). The Court of Criminal Appeals acknowledged the "general rule [that] a court retains jurisdiction to modify its ruling for 30 days after the ruling being modified was issued." Butler, 972 So.2d at 818 (citing State v. Monette, 887 So.2d 314 (Ala.Crim. App.2004)). However, according to the Court of Criminal Appeals, the 30-day rule is inapplicable where the challenged judgment is void, because "[a] void judgment has no legal effect on later proceedings in a case." Butler, 972 So.2d at 818.
Although the September 2 order was entered more than 30 days after the July 13 order, the Court of Criminal Appeals held that the September 2 order was valid because "the July 13, 2005, order was void for lack of jurisdiction. Accordingly, the [trial] court retained jurisdiction to substitute its September 2, 2005, legal order." Butler, 972 So.2d at 821. According to the Court of Criminal Appeals, the July 13 order was void because "the circuit court . . . exceeded its discretion in initially granting Butler's motion for reconsideration." Butler, 972 So.2d at 821.
Butler petitioned this Court for certiorari review, arguing that the Court of Criminal Appeals' decision conflicts with its prior decisions in Loggins v. State, 910 So.2d 146, 148 (Ala.Crim.App.2005) ("It is well settled that a circuit court generally retains jurisdiction to modify a judgment for only 30 days after the judgment is entered."); and Ex parte Bishop, 883 So.2d 262, 264 (Ala.Crim.App.2003) ("We can find no case that holds that a timely filed motion to reconsider, filed at the end of a criminal case, extends the jurisdiction of the lower court beyond 30 days."). Relying upon these prior decisions, Butler argues that the trial court was without jurisdiction to enter its September 2, 2005, order denying *825 his motion for sentence reconsideration and reinstating the original sentence& We agree with Butler; thus, we reverse the judgment of the Court of Criminal Appeals.
"[A] trial court derives its jurisdiction from the Alabama Constitution and the Alabama Code." Ex parte Seymour, 946 So.2d 536, 538 (Ala.2006). Subject-matter jurisdiction concerns a court's power to adjudicate a case, not the merits of the court's decision in the case.
"Jurisdiction is `[a] court's power to decide a case or issue a decree.' Black's Law Dictionary 867 (8th ed.2004). Subject-matter jurisdiction concerns a court's power to decide certain types of cases. Woolf v. McGaugh, 175 Ala. 299, 303, 57 So. 754, 755 (1911) (`"By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought."' (quoting Cooper v. Reynolds, 77 U.S. (10 Wall.) 308, 316 (1870))). That power is derived from the Alabama Constitution and the Alabama Code. See United States v. Cotton, 535 U.S. 625, 630-31 (2002) (subject-matter jurisdiction refers to a court's `statutory or constitutional power' to adjudicate a case)."
Seymour, 946 So.2d at 538.
Faced with this Court's decision in Kirby, the State concedes, as it must, that "the [trial court] possessed subject-matter jurisdiction to adjudicate Butler's Kirby motion under Section 13A-5-9.1." State's supplemental brief, at 3. Necessarily included within the trial court's power was "the authority under the statute to determine whether a defendant is a nonviolent offender." Kirby, 899 So.2d at 974. Consequently, the trial court had subject-matter jurisdiction to enter its July 13 order regardless of any alleged error in its decision. Thus, the Court of Criminal. Appeals erred in holding that the July 13 order was void for lack of jurisdiction. Consequently, the premise for the Court of Criminal Appeals' holding that the trial court retained jurisdiction to enter its September 2, 2005, order fails as a matter of law.
The State argues that an alternative rationale supports the Court of Criminal Appeals' conclusion that the trial court's July 13 order was void. Specifically, the State contends that "Butler's modified sentence following the grant of his Kirby motionwas an illegal sentence." State's supplemental brief, at 5. This argument, however, is without merit.
"[A] trial court does not have [subject-matter] jurisdiction to impose a sentence not provided for by statute." Hollis v. State, 845 So.2d 5, 6 (Ala.Crim. App.2002). However, in this case, the trial court did not "impose a sentence not provided for by statute." Instead, after exercising its authority to determine whether Butler is a nonviolent offender, the trial court resentenced Butler to life imprisonment, a sentence provided for by the Habitual Felony Offender Act as amended in 2000. See § 13A-5-9(c)(3), Ala.Code 1975 (applied retroactively pursuant to § 13A-5-9.1). At its core, the State's illegal-sentence argument is "based on [its contention] that, because Butler was a `violent offender,' the trial court did not possess jurisdiction to modify his sentence." State's supplemental brief, at 4. Thus, the State's alternative rationale and the rationale of the Court of Criminal Appeals share a fundamental flaw. Each rationale improperly focuses on the merits of the trial court's initial decision instead of only the jurisdictional issue, namely, the trial court's authority to make that decision.[1]
*826 For the foregoing reasons, the judgment of the Court of Criminal Appeals is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
LYONS and BOLIN, JJ., concur.
MURDOCK, J., concurs specially.
SEE, SMITH, and PARKER, JJ., concur in the result.
STUART, J., dissents.
COBB, C.J., recuses herself.
MURDOCK, Justice (concurring specially).
I concur in the main opinion. In so doing, I do not find it necessary to express, and I do not intend by my vote to express, any view as to whether an inmate's eligibility for relief under § 13A-5-9.1 may turn solely on the nature of the offense of which he or she was convicted.
In concurring in the main opinion, I conclude that the "sentencing judge and the presiding judge" have jurisdiction to decide the cases of inmates asserting that they are nonviolent convicted offenders within the contemplation of § 13A-5-9.1, as opposed to only those cases where it is ultimately determined that the inmate is a nonviolent convicted offender. Even if the latter interpretation were correct, however, I do not see how the result in this case would change.
The trial judge entered a judgment on July 13, 2005, in which he determined that Butler was a nonviolent convicted offender. This issue was fully and fairly litigated by the parties, and the determination of the issue was necessary to the judgment entered by the trial judge. The trial court in the present, case, i.e., the circuit court, is a court of general jurisdiction and has "exclusive original jurisdiction of all felony prosecutions." Ala.Code 1975, § 12-11-30(2). As such, the circuit court "has the judicial power to determine the question of its own jurisdiction. This does not mean that the decision may not be erroneous, but it does mean that such a decision stands until [properly] set aside by the court of last resort." Ex parte Textile Workers Union of America, 249 Ala. 136, 141, 30 So.2d 247, 250 (1947) (citations omitted). As this Court stated in Carter v. Mitchell, 225 Ala. 287, 292, 142 So. 514, 518 (1932):
"When a court has the right to decide as to its own jurisdiction, its decision in favor of that jurisdiction, if within its ordinary powers, will have the same effect and conclusiveness as would its decision on any other matter, especially when dependent on a fact which it is required to ascertain."
In his July 13 judgment, the, trial judge determined that Butler, was a nonviolent convicted offender. Thus, even if § 13A-5-9.1 gave the trial judge jurisdiction only in those cases in which it is ultimately determined that the inmate seeking sentence reconsideration is a nonviolent convicted offender, the July 13 judgment was tantamount to a decision by the trial judge that Butler's case met the jurisdictional requirements of that statute. Furthermore, that decision and the concomitant relief ordered by the trial judge constituted a final judgment, which, after 30 days, the trial court no longer had jurisdiction to alter, amend, or vacate. As the main opinion recognizes, "`[i]t is well settled that a circuit court generally retains jurisdiction to modify a judgment for only 30 days after the judgment is entered.'" 972 So.2d at 824 (quoting Loggins v. State, 910 So.2d 146, 148 (Ala.Crim.App.2005)); see also Ex parte Bishop, 883 So.2d 262, 264 (Ala.Crim.App.2003).
The Court of Criminal Appeals reasoned in this case that "a void judgment has no legal effect upon later proceedings in a *827 case," 972 So.2d at 818; however, for that rule to operate there must in fact be proper "later proceedings." Here, there were not. The State argues that its motion to reconsider the July 13 judgment should be treated as a motion under Rule 24, Ala. R.Crim. P. See Rule 24.4, Ala. R.Crim. P. (generally extending to 60 days the time within which the trial court has jurisdiction to consider a Rule 24 motion filed within 30 days after the pronouncement of sentence). By its terms, however, Rule 24 is not available to the State. The State does not argue that the motion it filed following the entry of the July 13 judgment constitutes any other recognizable motion or petition that would have served to extend the trial court's jurisdiction beyond 30 days from its July 13 judgment. Nor does this case involve an effort by the State to seek some form of appellate relief directly from the July 13 judgment.
SEE, Justice (concurring in the result).
I concur in the result; some of the language of the main opinion might be taken as contrary to the view I expressed in my special writing in Holt v. State, 960 So.2d 740, 741 (Ala.2006) (See, J., dissenting).
STUART, Justice (dissenting).
Because I disagree with the conclusion in the main opinion that the circuit court had jurisdiction to entertain Butler's motion for sentence reconsideration and to enter its July 13 order, I must respectfully dissent.
In my dissent in Holt v. State, 960 So.2d 740, 748 (Ala.2006), I stated: "[I]f an inmate has been convicted of a violent offense, he is a violent offender and is not eligible for sentence reconsideration under § 13A-5-9.1, Ala.Code 1975." Thus, in my opinion, a court does not have jurisdiction to entertain a motion for sentence reconsideration filed by an inmate who has been convicted of an offense that is statutorily defined as a violent offense.
Section 13A-5-9.1, Ala.Code 1975, provides:
"The provisions of Section 13A-5-9 [the Habitual Felony Offender Act] shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court."
(Emphasis added.)
This Court applied a strict construction to this statute in Kirby v. State, 899 So.2d 968 (Ala.2004), to determine the issue whether a court had jurisdiction to entertain a motion for sentence reconsideration filed pursuant to § 13A-5-9.1, Ala.Code 1975. This Court stated:
"Normally, a trial court loses jurisdiction to modify a sentence in a criminal case if a request for modification is not filed within 30 days of sentencing. Massey v. State, 587 So.2d 448 (Ala.Crim. App.1991). By requiring in § 13A-5-9.1 that the provisions of § 13A-5-9 are to be applied retroactively, however, the Legislature vested jurisdiction in the sentencing judge or the presiding judge to reopen a case more than 30 days, after a defendant has been sentenced. . . . Clearly, the Legislature has the power to vest circuit courts with the authority to reopen a case that had previously been deemed closed and in which the court's decision was deemed final. See Ex parte Jenkins, 723 So.2d 649, 660 (Ala.1998)."
899 So.2d at 971 (emphasis added). Thus, the Court strictly construed § 13A-5-9.1 to mean that jurisdiction to consider a motion for sentence consideration filed pursuant to § 13A-5-9.1 vests only in the *828 "sentencing judge or presiding judge." See also Ex parte Sandifer, 925 So.2d 290 (Ala.Crim.App.2005) (holding that because the Court of Criminal Appeals was bound by this Court's decision in Kirby, that court had to conclude that a presiding judge of a circuit court did not have the authority to appoint a special presiding judge to entertain motions for sentence reconsideration filed pursuant to § 13A-5-9.1).
I maintain that a consistent strict construction of § 13A-5-9.1 also requires that jurisdiction vests in "the sentencing judge or presiding judge" to consider motions for sentence reconsideration only when the motion is filed by a "nonviolent convicted offender." Therefore, if an inmate has been convicted of an offense that is defined by statute as a violent offense, he is a violent offender, and the sentencing judge or the presiding judge does not have jurisdiction to entertain the motion. To the extent this statement conflicts with Kirby, I would overrule Kirby.
Here, Butler was convicted of first-degree rape and first-degree robbery, which are both violent offenses as defined by the legislature, see §§ 12-25-32(12) and 12-25-32(13)a. 10. and a. 28., Ala.Code 1975. Butler is a violent offender as a matter of law; consequently, neither the sentencing judge nor the presiding judge had jurisdiction to consider Butler's motion for sentence reconsideration under § 13A-5-9.1, Ala.Code 1975. Because in my opinion the court never acquired jurisdiction to consider Butler's motion for sentence reconsideration under § 13A-5-9.1, Ala.Code 1975, the court did not have jurisdiction to enter its July 13 order, and that order is void.
Therefore, I respectfully dissent.
NOTES
[1] Because the trial court's July 13 order is not void, we need not consider the procedure, if any, by which a party may challenge a void judgment.