974 So.2d 326 (2007)
Mack WINCHESTER
v.
STATE of Alabama.
CR-06-0836.
Court of Criminal Appeals of Alabama.
May 25, 2007.
*327 Mark Winchester, pro se.
Troy King, atty. gen., and Daniel W. Madison, asst. atty. gen., for appellee.
WISE, Judge.
AFFIRMED BY UNPUBLISHED MEMORANDUM.
McMILLAN, SHAW, and WELCH, JJ., concur.
WISE, J., concurs specially, with opinion.
BASCHAB, P.J., concurs in the result.
WISE, Judge (concurring specially).
Although this Court affirms the denial of Winchester's motion for sentence reconsideration, I write specially to express my agreement with Justice Stuart's dissent in Ex parte Butler, 972 So.2d 821 (Ala.2007), in which she opined that "a court does not have jurisdiction to entertain a motion for sentence reconsideration filed by an inmate who has been convicted of an offense that is statutorily defined as a violent offense." 972 So.2d at 827. Accord Holt v. State, 960 So.2d 740, 744-45 (Ala.2006) (Stuart, J., dissenting).
Although I originally concurred with this Court's opinion in Holt v. State, 960 So.2d 726 (Ala.Crim.App.2006), writ quashed, 960 So.2d 740 (Ala.2006), and joined Judge Baschab's special concurrence, I am now persuaded by Justice Stuart's dissents in both Holt and Ex parte Butler, that this Court's decision in Holt was an overly broad construction of both § 13A-5-9.1 and the Alabama Supreme Court's opinion in Kirby v. State, 899 So.2d 968 (Ala.2004). In my opinion, the circuit court lacked jurisdiction even to consider Winchester's motion for sentence reconsideration, given that his criminal history included a conviction for manslaughterstatutorily defined as a violent offense. See § 12-25-32(13)a.3., Ala.Code 1975. In my opinion, the Supreme Court should revisit its holdings in these cases and adopt Justice Stuart's position. Moreover, to the extent that this Court's decision in Holt v. State allows violent convicted offenders such as Winchester relief from the sentence imposed as a result of their violent conduct, that decision should be revisited to prevent an injustice such as this one from occurring in future cases. Clearly, this could not have been the intent of the Alabama Legislature when it enacted § 13A-5-9.1, Ala.Code 1975.