REL:06/20/2014

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

OCTOBER TERM, 2013-2014

————————————

1130649

————————————

**Ex parte Robert Gill**

PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CRIMINAL APPEALS

(In re: Robert Gill

v.

State of Alabama)

(Morgan Circuit Court, CC-95-43;
Court of Criminal Appeals, CR-12-1972)

BOLIN, Justice.

WRIT DENIED. NO OPINION.

1130649

Stuart, Parker, Murdock, Shaw, Main, Wise, and Bryan, JJ., concur.

Moore, C.J., dissents.

1130649

MOORE, Chief Justice (dissenting).

I would grant inmate Robert Gill's petition for a writ of certiorari to review the Court of Criminal Appeals' affirmance of the trial court's denial of Gill's motion for sentence reconsideration filed pursuant to § 13A-5-9.1, Ala. Code 1975. Gill v. State (No. CR-12-1972, Feb. 7, 2014), ___ So. 3d ___ (Ala. Crim. App. 2014)(table). Therefore, I dissent from the denial of his petition. I believe that Gill's case is representative of a systemic problem associated with the Habitual Felony Offender Act, § 13A-5-9, Ala. Code 1975 ("the HFOA").

Gill was convicted of first-degree robbery, a Class A felony, and was sentenced as a habitual felony offender to life imprisonment without the possibility of parole. His prior convictions included convictions for distribution of a controlled substance and for two counts of possession of a controlled substance. This petition for certiorari review arises out of Gill's fourth motion for sentence reconsideration, which the circuit court summarily denied. On his appeal of that denial to the Court of Criminal Appeals, Gill argued that, because he was a nonviolent offender, the

3

1130649

circuit court had exceeded its discretion in denying his motion for sentence reconsideration. Affirming the circuit court's denial of Gill's motion, the Court of Criminal Appeals issued an unpublished memorandum quoting its ruling in the appeal involving Gill's third motion for sentence reconsideration: "'Suffice it to say, we have reviewed the record and, considering that Gill was armed with a knife during the robbery, we find no abuse of discretion on the part of the circuit court in finding him to be a violent offender and thus ineligible for sentence reconsideration.'" This statement presupposes that the offense for which Gill was convicted determined whether he was a violent offender. As explained below, I reject this assumption. I believe that § 13A-5-9.1 and Kirby v. State, 899 So. 2d 968(Ala. 2004), and its progeny prohibit a sentencing or presiding judge from determining whether an inmate is a violent offender for purposes of sentence reconsideration based solely on the offense of which the inmate was convicted. The statutory requirement that the sentencing or presiding judge must consider "evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles"

4

in determining whether to reconsider a defendant's sentence suggests that the offense for which the inmate was convicted may not serve as the sole basis for determining whether an inmate is a violent or a nonviolent offender for purposes of § 13A-5-9.1.

Before 2000, the HFOA read, in pertinent part:

"(c) In all cases when it is shown that a criminal defendant has been previously convicted <u>of any three felonies</u> and after such convictions has committed another felony, he <u>must</u> be punished as follows:

"(1) On conviction of a Class C felony, he must be punished by imprisonment for life or for any term not more than 99 years but not less than 15 years.

"(2) On conviction of a Class B felony, he must be punished for life in the penitentiary.

"(3) <u>On conviction of a Class A felony, he must be punished by imprisonment for life without parole</u>."

(Emphasis added.) The HFOA was amended effective May 25, 2000; subsection (c) now reads:

"(c) In all cases when it is shown that a criminal defendant has been previously convicted <u>of any three felonies</u> and after such convictions has committed another felony, he or she <u>must</u> be punished as follows:

5

"(1) On conviction of a Class C felony, he or she must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years.

"(2) On conviction of a Class B felony, he or she must be punished by imprisonment for life or any term of not less than 20 years.

"(3) On conviction of a Class A felony, where the defendant has no prior convictions for any Class A felony, he or she must be punished by imprisonment for life or life without the possibility of parole, in the discretion of the trial court.

"(4) On conviction of a Class A felony, where the defendant has one or more prior convictions for any Class A felony, he or she must be punished by imprisonment for life without the possibility of parole."

(Emphasis added.) The Amendment Notes to the HFOA describe the changes effectuated by the 2000 amendment:

"The 2000 amendment ... inserted 'or she' in eleven places; in subsection (a), in the introductory matter substituted 'a felony and after the' for 'any felony and after such'; in subsection (c), in subdivision (1) inserted 'of' following 'term', in subdivision (2) substituted 'by imprisonment for life or any term of not less than 20 years' for 'life in the penitentiary', in subdivision (3) substituted 'where the defendant has no prior convictions for any Class A felony, he or she must be punished by imprisonment for life or life without the possibility of parole, in the

discretion of the trial court' for 'he must be punished by imprisonment for life without parole', and added subdivision (4); and made nonsubstantive changes."

Amendment Notes, § 13A-5-9(c), Ala. Code 1975.

In Kirby, this Court described the reasoning behind, and the implementation of, the 2000 amendment to the HFOA:

"In 2000, the Legislature amended the HFOA to allow a sentence to be imposed for certain habitual offenders less severe than life imprisonment without parole under certain circumstances. Specifically, and relevant to this proceeding, § 13A-5-9(c)(3) was amended so that a defendant with three prior felony convictions, none of which was for a Class A felony, who is subsequently convicted of a Class A felony may be sentenced to imprisonment for life or life imprisonment without the possibility of parole, in the discretion of the trial court.[1] Before that amendment, a sentence of life imprisonment without

_____

[1]Justice Stuart has explained that "the 2000 amendment provided judges with the discretion, when sentencing a defendant, to order the defendant to serve a sentence of life imprisonment when convicted of a fourth felony offense, provided that the fourth felony conviction was not for a Class A felony and the defendant had not previously been convicted of a Class A felony." Holt v. State, 960 So. 2d 740, 745 (Ala. 2006)(dissenting from quashing the writ of certiorari). Nabers, C.J., and See, Stuart, and Parker, JJ., dissented in that case. Justice See dissented on the ground that § 13A-5-9.1 may violate the separation-of-powers doctrine insofar as the legislature in enacting it may have usurped powers reserved for the judiciary by requiring trial courts to recognize jurisdiction over criminal defendants more than 30 days after the criminal defendants were sentenced and by mandating that trial courts entertain motions for sentence reconsideration in certain circumstances. Holt, 960 So. 2d at 741-44.

the possibility of parole was mandatory under § 13A-5-9(c)(3) for a Class A felony offender with three prior felony convictions. In 2001, the Legislature passed Act No. 2001-977 ('the Act') in an attempt to make the 2000 amendments to § 13A-5-9 retroactive. The stated purpose of the Act was 'to provide further for eligibility for parole consideration of non-violent offenders.' The Act, now codified as § 13A-5-9.1, states in its entirety:

> "'The provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or presiding judge <u>for consideration of early parole</u> of <u>each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court</u>.'

"The Act became effective on December 1, 2001. However, because the Department of Corrections ('the DOC') and the Board of Pardons and Paroles ('the Parole Board') concluded that there were significant problems with § 13A-5-9.1, <u>it ha[d] not ... been implemented or applied [as of August 2004]</u>.

"On September 29, 2001, the same day he approved the Act, then Governor Siegelman signed Executive Order Number 62 ('EO 62') calling for the development of a 'process for evaluating non-violent offenders possibly affected by [§ 13A-5-9.1].' EO 62 directed the DOC to develop guidelines and procedures for determining which inmates would be eligible for reconsideration of their sentences under § 13A-5-9.1. EO 62 also purported to suspend operation of § 13A-5-9.1 until June 1, 2002, 'by which time the Department of Corrections should have developed an evaluation process to determine which offenders are "non-violent."'"

1130649

899 So. 2d at 969-70 (footnote omitted; all but initial emphasis added). "At the time § 13A-5-9.1, Ala. Code 1975, became effective the question arose as to how a circuit court retained the authority to reconsider an inmate's sentence when that court normally loses jurisdiction to modify a defendant's sentence in a criminal case within 30 days of sentencing if a postjudgment motion is not filed." Holt v. State, 960 So. 2d 740, 745 (Ala. 2006)(Stuart, J., dissenting from quashing the writ of certiorari). This Court resolved that question in Kirby, which held that an inmate need not have a case pending before the circuit court in order to file a motion for reconsideration of sentence under § 13A-5-9.1 and also that § 13A-5-9.1 vested the circuit courts with jurisdiction to consider such motions for sentence reconsideration. Kirby, 899 So. 2d at 971. Therefore, under Kirby, "an inmate may ask the sentencing judge or the presiding judge for relief from a previous sentence imposed pursuant to the HFOA." Id.

As a result of Kirby and subsequent cases interpreting Kirby, a three-step "test" has developed for evaluating motions for sentence reconsideration under § 13A-5-9.1. Step one is to determine whether the motion was filed in the

9

appropriate court and assigned to the appropriate judge (i.e., the sentencing judge or the presiding judge). Ex parte Sandifer, 925 So. 2d 290, 295-96 (Ala. Crim. App. 2005). Step two is to determine whether the motion is a successive motion. Under Ex parte Gunn, 993 So. 2d 433, 435-37 (Ala. 2007), a circuit court does have jurisdiction to consider successive motions for sentence reconsideration; however, the fact that a motion for sentence reconsideration is successive has been held to be a valid basis for denying the motion. Ashford v. State, 12 So. 3d 160, 162 (Ala. Crim. App. 2008).

Step three consists of three parts and addresses an inmate's eligibility for sentence reconsideration. Merely because an inmate is eligible for sentence reconsideration does not mean that the inmate must be resentenced. Holt, 960 So. 2d at 735 n.3 ("[A] circuit court is not required to resentence an inmate merely because it determines that the inmate is eligible for reconsideration of his or her sentence.").

> "There are three requirements for eligibility to have a sentence reconsidered under § 13A-5-9.1: (1) the inmate was sentenced before May 25, 2000, the date the 2000 amendment to the HFOA became effective; (2) the inmate was sentenced to life imprisonment without the possibility of parole

pursuant to § 13A-5-9(c)(3) <u>and had no prior Class A felony convictions</u> or was sentenced to life imprisonment pursuant to § 13A-5-9(c)(2)...; <u>and</u> (3) the inmate is a 'nonviolent convicted offender.' An inmate <u>must satisfy all three requirements before he or she is eligible for reconsideration of the sentence under § 13A-5-9.1</u>. If a circuit court determines that an inmate is eligible for reconsideration of his or her sentence, the court <u>then has the authority</u> pursuant to § 13A-5-9.1 to resentence the inmate, within the bounds of § 13A-5-9(c)(2) or § 13A-5-9(c)(3), as amended, if it so chooses. If, on the other hand, the circuit court determines that the inmate fails to meet any or all of the eligibility requirements then the circuit court <u>must</u> deny the inmate's § 13A-5-9.1 motion because a circuit court has jurisdiction to resentence <u>only</u> those inmates who meet the eligibility requirements of § 13A-5-9.1. ..."

<u>Holt</u>, 960 So. 2d at 734-35 (emphasis added).

Because § 13A-5-9.1 does not define "nonviolent convicted offender," circuit courts have had difficulty determining whether an inmate is "nonviolent" and hence eligible for sentence reconsideration. Although it is appropriate for a circuit court to consider whether the offense committed by an inmate seeking reconsideration of his or her sentence is statutorily defined as a "violent offense," this fact alone does not necessarily render an inmate a violent convicted offender. <u>Holt</u>, 960 So. 2d at 736. Accordingly, committing a "violent offense" as defined by statute does not permanently

11

1130649

brand an inmate as a "violent offender" for purposes of §
13A-5-9.1, which maintains that the sentencing or presiding
judge must consider the "evaluations performed by the
Department of Corrections and approved by the Board of Pardons
and Paroles." Holt, 760 So. 2d at 736; § 13A-5-9.1.

"[I]n determining whether an inmate is a 'nonviolent
convicted offender' within the meaning of § 13A-5-9.1, what
weight to afford each factor presented to [the circuit court]
is within the circuit court's discretion." Holt, 960 So. 2d at
738.

> "A circuit court is not required to make specific
> findings of fact regarding the weight it affords
> each factor, and in reviewing a circuit court's
> determination of whether an inmate is a 'nonviolent
> convicted offender,' this Court will give the trial
> court great deference regarding the weight it
> afforded the factors presented to it, and we will
> presume that the circuit court properly considered
> and weighed each factor presented, unless the record
> affirmatively shows otherwise."

960 So. 2d at 738. "[W]hether an inmate is a 'nonviolent
convicted offender' is based on a totality of the
circumstances." Id. By "totality of the circumstances," this
Court means "the totality of the information before the
circuit court when it rules on the § 13A-5-9.1 motion [for
sentence reconsideration]." Id. "[A] circuit court is not

12

1130649

precluded from considering, nor may it refuse to consider, all of the factors presented to it by either party." Id.

One factor involves "evaluations" of the inmate "performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court." § 13A-5-9.1. Kirby implies that a presumption of nonviolence attaches to a motion for sentence reconsideration by holding that "if the DOC [Department of Corrections] does not provide the evaluation in a timely fashion, the State will have waived any input as to the inmate's conduct while incarcerated that the sentencing judge or the presiding judge might otherwise have considered in determining whether the inmate is a nonviolent offender." Kirby, 899 So. 2d at 975. Moreover, "[w]hile the information available to the trial court in the DOC's evaluation will be helpful in making its determination," the Department of Corrections' failure to submit an evaluation waives the State's input regarding whether the inmate is a violent offender. 899 So. 2d at 874. If the Department of Corrections does not submit an evaluation, then it presents no evidence to rebut an inmate's claim that the inmate is a nonviolent convicted offender. I disagree that "§ 13A-5-9.1

13

does not <u>require</u> a circuit court to order, or the Department of Corrections to submit, an inmate evaluation, [and that] it merely permits the consideration by the circuit court of such an evaluation." <u>Holt</u>, 960 So. 2d at 737. The circuit court <u>is</u> required to order the Department of Corrections to submit an inmate evaluation.

I note in conclusion that the legislature repealed 13A-5-9.1, Ala. Code 1975, effective March 13, 2014. See Act No. 2014-165, Ala. Acts 2014. Therefore, the HFOA, as amended in 2000, will no longer be applied retroactively. Act No. 2014-165 states that "this act shall be applied prospectively only." Section 2, Act No. 2014-165. Nevertheless, the repeal of 13A-5-9.1 is not effective as to all cases: "Any case, on the effective date of this act, in which a motion filed pursuant to 13A-5-9.1, Code of Alabama 1975, is pending in the trial court or is subject to an appeal or pending in an appellate court on appeal from the denial or dismissal of a motion shall not be affected by this act." <u>Id.</u>

The retroactive application of the amended HFOA corrected an unjust sentencing scheme that mandated the imprisonment of many nonviolent convicted offenders for life with no

14

opportunity for parole. The recent repeal of § 13A-5-9.1 eliminates all chances of release for nonviolent inmates who are serving a term of life imprisonment without the possibility of parole but who are reformed or rehabilitated while in prison. Recent petitions before this Court have argued that, in contravention of § 13A-5-9.1, the Department of Corrections was not submitting inmate evaluations to the circuit courts when inmates moved for a reconsideration of their sentence and that, even when the Department of Corrections submitted such evaluations, circuit courts were not considering the inmate evaluations before ruling on motions for sentence reconsideration. See, e.g., Ex parte Pate, [Ms. 1120348, August 30, 2013] ___ So. 3d ___ (Ala. 2013) (noting that circuit court did not consider inmate's motion for sentence reconsideration on its merits); Ex parte Manley (No. 1120382, March 8, 2013), ___ So. 3d ___ (Ala. 2013)(table)(denying petition for a writ of certiorari in a case in which an inmate alleged that, instead of considering his inmate evaluations, the circuit court determined that he was a violent offender even though the previous felonies used to enhance his sentence under the HFOA were nonviolent

1130649

offenses and the offense for which he was convicted and sentenced under the HFOA was classified as robbery simply because he stole guns); and Ex parte Harper, [No. 1130496](a pending petition for certiorari review in which the inmate alleges that the circuit court refused to consider the evidence he submitted to the circuit court, including his prison records, before ruling, solely on the basis of his underlying offense of robbery, that he was a violent offender). If these allegations are true, then § 13A-5-9.1 is not being followed in letter or spirit.

Therefore, because I believe there are special and important reasons for this Court to grant Gill's petition for a writ of certiorari in this case and the petitions in numerous other cases, I respectfully dissent.