MOORE, Chief Justice
(concurring specially),
! concur with this Court’s denial of Juan Oziel Rios’s petition for a writ of certiorari. *647 I write separately because, as I stated recently in Ex parte Brooker, [Ms. 1141160, Sept. 11, 2015] — So.3d - (Ala.2015), I believe a mandatory sentence of life imprisonment without the possibility of parole for a nonviolent, drug-related crime may be excessive and unjustified. The Court of Criminal Appeals affirmed the trial court’s denial of Rios’s Rule 32, Ala. R.Crim. P., petition in an unpublished memorandum. Rios v. State (No. CR-14-0939, July 2, 2015), — So.3d - (Ala.Crim.App.2015) (table).
The Court of Criminal Appeals’ unpublished memorandum presents the following facts:
“ ‘On October 19, 2010, Rios was traveling eastbound on Interstate 20 in his tractor-trailer. Deputy Tim Sanford of the Jefferson County Sheriffs Office observed Rios’s tractor-trailer -traveling slower than normal and swerving onto the shoulder of the interstate.
“‘Deputy Sanford stopped Rios and told Rios he wás subject to a Department of Transportation inspection. After Deputy Sanford began the inspection, he noticed' Rios was sweating profusely. Deputy Sanford '■ noted Rios’s tractor-trailer contained a load of paper towels being carried from Dallas, Texas, to Lithia Springs, Georgia, and the back two pallets of paper towels were stacked differently than the others.
“ ‘Deputy Sanford asked Rios if there was anything illegal in the tractor-trailer. Rios appeared fidgety and denied having anything illegal in his vehicle. Rios then consented to a search of the •tractor-trailer. While -searching the trailer, Deputy Sanford noticed several anomalies, including construction discrepancies in the roof of the trailer. •These anomalies raised Deputy Sanford’s suspicions, so, with Rios’s consent, Deputy- Sanford allowed his .canine to perform .a sweep of the tractor-trailer. The canine immediately alerted Deputy Sanford to the presence of narcotics. Deputy., Sanford and Officer Lane Thompson of the Hoover Police Department, one of Deputy Sanford’s back-up officers, ultimately found a secret compartment in the- ceiling, of the trailer, containing 80.42 kilograms of cocaine.’ ”
(Quoting unpublished memorandum affirming Rios’s conviction and sentence. Rios v. State (No. CR-11-0981, Sept. 21, 2012), 152 So.3d 461 (Ala.Crim.App.2012) (table).) The trial court convicted Rios for trafficking cocaine and sentenced him under § 13A-12-231(2)(d), Ala,Code 1975, to a mandatory term of life imprisonment without the possibility of parole. The Court of Criminal Appeals affirmed Rios’s conviction and sentence by unpublished memorandum. Rios v. State (No. CR-11-0981, Sept. 21, 2012), 152 So.3d 461 (Ala.Crim.App.2012) (table). As was the case in Brooker, the statute in this case gave the sentencing court no discretion to sentence Rios, who apparently had no prior convictions, for a term less than life imprisonment without the possibility of parole.
In Alabama, a trial court has sentencing discretion when a defendant has been convicted of a violent offense such as armed robbery, rape, or even murder. See, e.g., §§ 13A-8-41, 13A-6-61, 13A-6-2, and 13A-5-6, Ala.Code 1975. Moreover, under the Habitual Felony Offender Act (“HFOA”), § 13A-5-9, Ala.Code 1975, a trial court has sentencing discretion when an offender has been convicted of multiple prior violent felonies. Yet in cases such as this, where a first-time offender has trafficked 10 kilograms or more of cocaine, the trial court must sentence the defendant to life imprisonment without the possibility of parole. No exceptions. No discretion. *648 Before 2000, trial courts faced similar mandatory sentencing guidelines when applying the HFOA, as they do today under § 13A-12-231(2)(d), Ala.Code 1975. However, in 2000, the legislature amended the HFOA “to allow a sentence to be imposed for certain habitual offenders less severe than life imprisonment without parole under certain circumstances,” thus giving sentencing courts some discretion. Kirby v. State, 899 So.2d 968, 969 (Ala.2004) (describing the reasoning and rationale behind the amendment to the HFOA). See also Gill v. State, 157 So.3d 881 (Ala.2014) (Moore, C.J., dissenting). Moreover, the legislature considered this amendment to be so important that it was made retroactive by § 13A-5-9.1, Ala.Code 1975 (repealed effective March 13, 2014, see Act No. 2014-165, Ala. Acts 2014). See also Kirby, 899 So.2d at 970-75; Gill, 157 So.3d at 884-87. I urge our legislators to revisit the . mandatory statutory sentencing scheme of § 13A-12-231(2)(d) and similar statutes, as they did with the HFOA, to determine whether those statutes appropriately serve the purposes of our criminal-justice system.