960 So.2d 726 (2006)
William Buster HOLT
v.
STATE of Alabama.
CR-04-1250.
Court of Criminal Appeals of Alabama.
March 3, 2006.
*729 William M. Butler, Scottsboro, for appellant.
Troy King, atty. gen., and Stephen N. Dodd, asst. atty. gen., for appellee.

On Application for Rehearing
SHAW, Judge.
The opinion issued on December 23, 2005, is withdrawn, and the following opinion is substituted therefor.
William Buster Holt appeals the circuit court's denial of his motion made pursuant to § 13A-5-9.1, Ala.Code 1975, to reconsider his sentence of life imprisonment without the possibility of parole imposed upon application of the Habitual Felony Offender Act ("HFOA") for his 1987 conviction for robbery in the first degree. See Kirby v. State, 899 So.2d 968 (Ala. 2004).
Holt filed his motion on December 8, 2004, alleging that he was entitled to have his sentence of life imprisonment without *730 the possibility of parole reconsidered because, he said, the prior convictions used to enhance his sentence under the HFOA were nonviolent, non-Class A felony convictions. The circuit court appointed counsel to represent Holt[1] and on February 23, 2005, conducted an evidentiary hearing on Holt's motion. At the hearing, Holt presented evidence and argument regarding the facts and circumstances surrounding the robbery conviction for which he was sentenced to life imprisonment without the possibility of parole; regarding the nature and circumstances of the five prior felony convictions used to enhance his sentence for the robbery conviction; and regarding his record while in prison. Holt's counsel argued that considering "the totality of the circumstances" (R. 11) Holt should be considered a "nonviolent convicted offender" under § 13A-5-9.1 and thus eligible for reconsideration of his sentence, and that he should be resentenced to life imprisonment. The State argued, on the other hand, that because Holt's underlying conviction was for robbery in the first degree, a crime statutorily defined as a "violent offense," the circuit court could not consider any other factors and was precluded from finding that Holt was a "nonviolent convicted offender" within the meaning of § 13A-5-9.1.
At the conclusion of the hearing, the circuit court made the following statement:
"Mr. Rhodes has very succinctly argued the State's position in this matter and, of course, the Code of Alabama does define violent crimes and that's not been changed, so the court, as you know, must deal withthe threshold issue, I guess, Mr. Holt, would simply be whether or not having been convicted of what the Code describes as a violent crime, whether or not that preempts me altogether from considering anything else.
"Obviously, the Habitual Offender Act has in some cases caused undue hardship and injustice. And for that very reason, this Court not too long ago resentenced Mr. Kirby himself to where he would at least be eligible to apply for parole since he had not been convicted of a violent crime.[[2]] Whether or not he makes parole or not is up to the Parole Board. You understand how that works. This case is different. The robbery first degree is, of course, a violent crime according to the Code of Alabama and I will just have to deal with whether or not there is any discretion with the Court at this point to even consider anything you have argued beyond that.

"Again, I hope it's a work in progress for one reason or another. There may well be cases out there that are going to need to be reviewed under perhaps a new act of the legislature and I invite the legislature to take a look at the totality of all of this and determine whether or not there needs to be a refinement of [§ 13A-5-9.1]."
(R. 44-45; emphasis added.) On March 22, 2005, the circuit court issued the following order denying Holt's motion:
"This matter was before the court on 10 February, 2005, on [Holt's] petition for a new sentence hearing pursuant to Act 2001-977 and § 13A-5-9 et seq., Code of Alabama.

*731 "The evidence reflects that in 1987, [Holt] was found guilty of the offense of robbery in the first degree and, at the time of this conviction, had already received five felony convictions. The evidence further reflects that four of [Holt's] convictions occurred in 1979 when [Holt] was 16 years of age and were originally charged as juvenile offenses charging two counts of forgery and two counts of unlawful use of a vehicle or concealing or receiving a stolen vehicle all of which were transferred to the felony docket. [Holt], from aught that appears, waived treatment as a youthful offender and [after pleading guilty] was sentenced, in September 1979, to three years on each case to run concurrently. [Holt] was granted probation and, in 1981, was convicted of a fifth felony under the charge of forgery and served three years and six months in the Department of Corrections. [Holt's] last conviction occurred in 1987, as noted hereinabove, wherein he was convicted of robbery in the first degree.
"The court is asked to determine whether, notwithstanding the robbery first degree conviction which is a violent offense which would otherwise disqualify [Holt] from consideration for resentencing under Kirby, the court has the discretion to consider other factors and determine, if appropriate, that the defendant was eligible for sentence review under Kirby. The State argues that the court has no such discretion and that [Holt's] 1987 conviction of robbery in the first degree precludes any consideration for sentence review based upon the robbery first conviction.
"Counsel for [Holt] cites Kirby as grounds for the argument that the court has discretion, `notwithstanding the defendant's being convicted of a crime of violence,' to exercise judicial discretion in determining whether [Holt] is eligible for the benefits of [§ 13A-5-9.1]. The court has revisited Kirby and finds therefrom that the following statements from Kirby appear to address this issue. The court first states, in Kirby, that, `under § 13A-5-9.1, a judge applying § 13A-5-9(c)(3) to a previously sentenced defendant merely has the authority to conduct a new sentencing hearing, and in the judge's discretion, to modify a previous sentence under which a defendant would never have been eligible for parole to a sentence of "straight" life imprisonment under which a defendant might thereafter become eligible for parole, depending upon the factors then established by the Parole Board.'
"Additionally, the court in Kirby stated, `We conclude that the State's trial judges have the authority under the statute to determine whether a defendant is a nonviolent offender and that those judges are competent to make that determination based upon the nature of the defendant's underlying conviction, other factors brought before the judge in the record of the case, and information submitted to the judge by the DOC and the Parole Board concerning the inmate's behavior while incarcerated.' The court has construed the first quoted paragraph above in its reference to the judge's discretion as being general discretion to consider a new sentencing hearing should the court find the defendant eligible initially. The second quoted statement above does not indicate, to this court, that the court can ignore or disregard or change the nature of the underlying conviction when, in fact, that underlying conviction is a listed violent offense, i.e., robbery first degree.
"Therefore, the court finds that the State's argument that [Holt's] underlying conviction of robbery in the first degree preempts his ability to seek redress *732 under this new statute allowing resentencing to be persuasive, and, accordingly, [Holt's] motion for a new sentence hearing is denied. In the event this matter is appealed and this court's interpretation of Kirby is affirmed, then the court cannot help but comment that the legislature should readdress the issue of whether multiple or previous convictions of a juvenile even if converted to adult convictions as in this case, should not be allowed to be considered by the court even in cases such as the instant case where four of the convictions contributing to [Holt's] current sentence of life without parole occurred when he was 16 years old. To this court, this seems inherently unjust to remove at least some consideration by the sentencing court in such instances, and the court in this case invites review of its decision as to whether it has properly interpreted the Kirby case as to the extent of the court's discretion under [§ 13A-5-9.1]"
(C. 5-8; some emphasis added.)
For a better understanding of our disposition of this case, an overview of the law to date regarding § 13A-5-9.1 and Kirby, supra, is important. Section 13A-5-9.1 provides:
"The provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court."
In Kirby, supra, the Alabama Supreme Court explained the scope and application of § 13A-5-9.1:
"The plain language of § 13A-5-9.1 does not require that an inmate have a case pending before the circuit court in order for the inmate to file a motion for reconsideration of his or her sentence, nor does it require that the inmate invoke a particular rule of criminal procedure. Rather, § 13A-5-9.1 provides that an inmate may ask the sentencing judge or the presiding judge for relief from a previous sentence imposed pursuant to the HFOA and provides that the court is to consider the evaluation of the DOC in considering the inmate's motion. Section 13A-5-9.1 clearly confers jurisdiction on the sentencing judge or the presiding judge by giving that judge the power to apply the provisions of § 13A-5-9 retroactively to `nonviolent convicted offender[s]' and by providing the procedure by which the provisions of the statute are to be applied.
"Normally, a trial court loses jurisdiction to modify a sentence in a criminal case if a request for modification is not filed within 30 days of sentencing. Massey v. State, 587 So.2d 448 (Ala.Crim. App.1991). By requiring in § 13A-5-9.1 that the provisions of § 13A-5-9 are to be applied retroactively, however, the Legislature vested jurisdiction in the sentencing judge or the presiding judge to reopen a case more than 30 days after a defendant has been sentenced. . . . Clearly, the Legislature has the power to vest circuit courts with the authority to reopen a case that had previously been deemed closed and in which the court's decision was deemed final. See Ex parte Jenkins, 723 So.2d 649, 660 (Ala.1998).
". . . Section 6.11 of Amendment No. 328[, Ala. Const. of 1901,] grants this Court the authority to promulgate rules of procedure, including criminal procedure, but it prohibits this Court from enacting a rule that alters the jurisdiction of a court. Only the Legislature, within constitutional limits, has the authority *733 to alter the jurisdiction of the circuit courts. Henderson v. State, 616 So.2d 406, 407-10 (Ala.Crim.App.1993). By passing a general act of statewide application, the Legislature can change the rules this Court has promulgated governing the administration of all courts. Ex parte Kennedy, 656 So.2d 365, 367 (Ala.1995). Section 13A-5-9.1 is an act of statewide application that confers jurisdiction upon the sentencing judge or the presiding judge to apply the 2000 amendment to the HFOA retroactively.
". . . .
"Section 13A-5-9.1 directs the sentencing judge or the presiding judge to apply the provisions of § 13A-5-9 retroactively, thereby making the benefits of the 2000 amendment to the HFOA available to inmates who were sentenced pursuant to the HFOA before it was amended in 2000. Section 13A-5-9(c)(3), as amended in 2000, allows a sentencing judge to decide in certain circumstances whether a sentence of life imprisonment or life imprisonment without the possibility of parole is appropriate for a particular inmate. In making that decision, the sentencing judge does not have the power to decide the secondary issuewhether the defendant will be granted parole should the judge sentence him or her to `straight' life imprisonment. Under § 13A-5-9.1, a judge applying § 13A-5-9(c)(3) to a previously sentenced defendant merely has the authority to conduct a new sentencing hearing, and in the judge's discretion, to modify a previous sentence under which a defendant would never have been eligible for parole to a sentence of `straight' life imprisonment, under which a defendant might thereafter become eligible for parole, depending upon the factors then established by the Parole Board.
". . . .
". . . Reading § 13A-5-9.1 in conjunction with § 13A-5-9, it is clear that a sentencing judge or a presiding judge can resentence only two narrowly defined classes of habitual offenders: those who had been sentenced to life imprisonment without the possibility of parole under the mandatory provisions of the HFOA upon conviction of a Class A felony with no prior Class A felony convictions; and those who had been sentenced to life imprisonment under the mandatory provisions of the HFOA upon conviction of a Class B felony. Moreover, of those habitual offenders, the judge can resentence only those who are nonviolent offenders.
"We conclude that the state's trial judges have the authority under the statute to determine whether a defendant is a nonviolent offender and that those judges are competent to make that determination based upon the nature of the defendant's underlying conviction, other factors brought before the judge in the record of the case, and information submitted to the judge by the DOC and the Parole Board concerning the inmate's behavior while incarcerated. It is axiomatic that only the sentencing judge or the presiding judge should evaluate the inmate's crime and his or her conduct associated with that crime in deciding whether the inmate is a nonviolent offender, just as the judge evaluated those factors at the time the inmate was originally sentenced. Another factor in determining whether the inmate is a nonviolent offender, however, should be a consideration of the inmate's conduct while incarcerated, which knowledge is within the purview of the DOC. Section 13A-5-9.1 provides that the DOC will conduct an evaluation of the inmate's performance while incarcerated and submit its evaluation to the court so *734 the judge can take that information into account in determining whether the inmate is eligible for reconsideration of his or her sentence."
899 So.2d at 971-74 (footnote omitted).
As this Court noted in Prestwood v. State, 915 So.2d 580, 582 (Ala.Crim.App. 2005), "a § 13A-5-9.1 motion involves reopening an existing case"; thus, orders on such motions are appealable. However, because an inmate "does not have a right to have his sentence reduced pursuant to § 13A-5-9.1," a motion filed pursuant to § 13A-5-9.1 is not considered "a critical stage of the proceedings" that requires the appointment of counsel. Hastings v. State, 938 So.2d 974, 975 (Ala.Crim.App. 2006). And this Court has held that § 13A-5-9.1 allows a case to be reopened only once:
"[O]nce a circuit court has considered one motion for reconsideration of sentence filed by a defendant in a particular case, the defendant's rights with regard to that case will have been sufficiently safeguarded. Thereafter, the circuit court will not have jurisdiction to [grant] any second or successive motions for reconsideration filed by that defendant in that particular case. Instead, it should summarily deny any such motion."
Wells v. State, 941 So.2d 1008, 1009 (Ala. Crim.App.2005). Furthermore:
"Whether an inmate is a violent offender is for the circuit court to determine and, in the absence of an abuse of its discretion in so determining, we will not disturb its finding on appeal. Moreover, once the circuit court determined that Sanders was a violent offender, it was correct in finding that it had no jurisdiction to resentence Sanders because, although § 13A-5-9.1 grants the sentencing judge or presiding judge jurisdiction to consider a § 13A-5-9.1 motion, by its very language § 13A-5-9.1 grants the sentencing judge or presiding judge jurisdiction to resentence only those offenders that are eligible for resentencing, i.e., nonviolent offenders who were sentenced pursuant to § 13A-5-9(c)(2) or (c)(3), Ala.Code 1975."
Sanders v. State, 934 So.2d 432, 434 (Ala. Crim.App.2005).
Based on the authority cited above, it is clear that in evaluating motions filed under § 13A-5-9.1, circuit courts must go through a three-step process. First, the court must determine whether the motion was filed in the appropriate court and whether it has been assigned to the appropriate judge. Only the presiding judge or the sentencing judge in the court of conviction have jurisdiction to consider a § 13A-5-9.1 motion. See Ex parte Sandifer, 925 So.2d 290 (Ala.Crim.App.2006); Bulger v. State, 904 So.2d 219 (Ala.Crim. App.2004); Malloy v. State, 908 So.2d 1048 (Ala.Crim.App.2004); Burns v. State, 908 So.2d 1045 (Ala.Crim.App.2004); Burl v. State, 908 So.2d 314 (Ala.Crim.App.2004); and Dailey v. Alabama Bd. of Pardons & Paroles, 908 So.2d 311 (Ala.Crim.App. 2004). Second, once the motion has been filed in the correct court and assigned to the appropriate judge, the circuit court must determine whether the motion is the inmate's first motion or is a successive motion. A circuit court has no jurisdiction to grant a second or successive § 13A-5-9.1 motion. See Wells, supra. Third, if the motion is filed in the correct court, assigned to the appropriate judge, and is the inmate's first motion, the circuit court must then determine whether the inmate is eligible for reconsideration of his or her sentence pursuant to § 13A-5-9.1.
There are three requirements for eligibility to have a sentence reconsidered under § 13A-5-9.1: (1) the inmate was *735 sentenced before May 25, 2000, the date the 2000 amendment to the HFOA became effective; (2) the inmate was sentenced to life imprisonment without the possibility of parole pursuant to § 13A-5-9(c)(3) and had no prior Class A felony convictions or was sentenced to life imprisonment pursuant to § 13A-5-9(c)(2), see Prestwood, supra; and (3) the inmate is a "nonviolent convicted offender." An inmate must satisfy all three requirements before he or she is eligible for reconsideration of sentence under § 13A-5-9.1. If a circuit court determines that an inmate is eligible for reconsideration of his or her sentence, the court then has the authority pursuant to § 13A-5-9.1 to resentence the inmate, within the bounds of § 13A-5-9(c)(2) or § 13A-5-9(c)(3), as amended, if it so chooses.[3] If, on the other hand, the circuit court determines that the inmate fails to meet any or all of the eligibility requirements, then the circuit court must deny the inmate's § 13A-5-9.1 motion because a circuit court has jurisdiction to resentence only those inmates who meet the eligibility requirements of § 13A-5-9.1. See Sanders, supra.
In this case, the circuit court had jurisdiction to consider Holt's motion because the motion was filed in the court in which Holt was convicted and the judge who ruled on the motion was the presiding judge of the Jackson Circuit Court; the record indicates that this was Holt's first motion for reconsideration under § 13A-5-9.1; and Holt satisfied the first two eligibility requirementshe was sentenced before the 2000 amendment to the HFOA became effective and he was sentenced pursuant to § 13A-5-9(c)(3) based on five prior felony convictions, none of which were Class A felonies. This case concerns the third eligibility requirementwhether Holt is a "nonviolent convicted offender" within the meaning of § 13A-5-9.1. Specifically, the question presented is whether the circuit court, after finding that Holt had been convicted of robbery in the first degree, an offense statutorily defined as a "violent offense," was required, as a matter of law, to find that Holt was not a "nonviolent convicted offender" within the meaning of § 13A-5-9.1, without consideration of any other factors, and that Holt was, therefore, ineligible for reconsideration of his sentence under § 13A-5-9.1.
Section 13A-5-9.1 does not specifically define which inmates are considered "nonviolent convicted offenders." However, there are two statutes that define certain offenses, including robbery in the first degree, as violent offenses. Section 13A-11-70, Ala.Code 1975, provides, in pertinent part:
"For the purposes of this division [the Uniform Firearms Act], the following terms shall have the respective meanings ascribed by this section:
". . . .
"(2) Crime of Violence. Any of the following crimes or an attempt to commit any of them, namely, murder, manslaughter (except manslaughter arising out of the operation of a vehicle), rape, mayhem, assault with intent to rob, assault with intent to ravish, assault with intent to murder, robbery, burglary, kidnapping and larceny."
(Emphasis added.) Section 12-25-32, Ala. Code 1975, provides, in pertinent part:
"For the purposes of this article [the Alabama Sentencing Reform Act of 2003], the following terms have the following meanings:
". . . .
"(13) Violent Offense.

*736 "a. For purposes of this article [the Alabama Sentencing Reform Act of 2003], a violent offense includes each of the following offenses, or any substantially similar offense to those listed in this subdivision created after June 20, 2003 [the date the Alabama Sentencing Reform Act of 2003 became effective]:
". . . .
"28. Robbery I pursuant to Section 13A-8-41.
"29. Robbery II pursuant to Section 13A-8-42.
"30. Robbery III pursuant to Section 13A-8-43."[4]
Because the substance of § 13A-11-70 was a part of Alabama's criminal law long before the current Criminal Code, Title 13A, was enacted, "one cannot simply look to the name given an offense in the new Criminal Code provision and conclude that it is synonymous with an older term found in § 13A-11-70(2)." Ex parte Johnson, 620 So.2d 665, 667 (Ala. 1993). In addition, the criteria for determining what offenses were "violent offenses" in § 12-25-32 was not necessarily based on whether the crime actually involved violence, as that term is commonly defined,[5] but included crimes the legislature simply deemed "reprehensible." In § 12-25-32(13)b., the legislature specifically explained the basis for its classifying some offenses as violent offenses:
"b. The basis for defining these offenses as violent is that each offense meets at least one of the following criteria:
"1. Has as an element, the use, attempted use, or threatened use of a deadly weapon or dangerous instrument or physical force against the person of another.
"2. Involves a substantial risk of physical injury against the person of another.
"3. Is a nonconsensual sex offense.
"4. Is particularly reprehensible."
Therefore, the fact that a crime is defined as a "violent offense" under § 13A-11-70 and/or § 12-25-32, although certainly a relevant and appropriate consideration, is not binding on a circuit court in determining whether an inmate is a "nonviolent convicted offender" within the meaning of § 13A-5-9.1. In other words, merely because an inmate has been convicted of a "violent offense" as defined in § 13A-11-70 and/or § 12-25-32 does not mean that that inmate is a "violent offender" for purposes of § 13A-5-9.1; committing a "violent offense" as defined in § 13A-11-70 and/or § 12-25-32 is not the equivalent of being a "violent offender" under § 13A-5-9.1. Had the legislature intended to preclude any inmate convicted of a "violent offense" as defined in § 13A-11-70 and/or *737 § 12-25-32 from receiving the benefits of § 13A-5-9.1, it could have easily said that § 13A-5-9 would apply retroactively only to those offenders who had not been convicted of an offense defined by statute as a "violent offense." Instead, the legislature chose to state that § 13A-5-9 would apply retroactively to any "nonviolent convicted offender."
As the Supreme Court noted in Kirby, " § 13A-5-9.1 is not a model of clarity." 899 So.2d at 974. Nevertheless, it is clear that § 13A-5-9.1 allows for consideration of factors other than the fact that the inmate's underlying conviction is statutorily defined as a "violent offense" in determining whether the inmate is a "nonviolent convicted offender"; it allows the Department of Corrections to evaluate an inmate and to submit that evaluation to the circuit court for consideration in ruling on a motion filed under § 13A-5-9.1. However, as the Supreme Court noted in Kirby, "if the DOC does not provide the evaluation in a timely fashion, the State will have waived any input as to the inmate's conduct while incarcerated that the sentencing judge or the presiding judge might otherwise have considered in determining whether the inmate is a nonviolent offender." 899 So.2d at 975. Thus, § 13A-5-9.1 does not require a circuit court to order, or the Department of Corrections to submit, an inmate evaluation; it merely permits the consideration by the circuit court of such an evaluation. Likewise, the Supreme Court specifically held in Kirby that an inmate's prison record as well as other factors may be considered in determining whether an inmate is a "nonviolent convicted offender." Although we have already quoted the Kirby opinion extensively above, we find it important to again quote the following, which we believe is dispositive of the issue:
"We conclude that the state's trial judges have the authority under the statute to determine whether a defendant is a nonviolent offender and that those judges are competent to make that determination based upon the nature of the defendant's underlying conviction, other factors brought before the judge in the record of the case, and information submitted to the judge by the DOC and the Parole Board concerning the inmate's behavior while incarcerated. It is axiomatic that only the sentencing judge or the presiding judge should evaluate the inmate's crime and his or her conduct associated with that crime in deciding whether the inmate is a nonviolent offender, just as the judge evaluated those factors at the time the inmate was originally sentenced. Another factor in determining whether the inmate is a nonviolent offender, however, should be a consideration of the inmate's conduct while incarcerated, which knowledge is within the purview of the DOC. Section 13A-5-9.1 provides that the DOC will conduct an evaluation of the inmate's performance while incarcerated and submit its evaluation to the court so the judge can take that information into account in determining whether the inmate is eligible for reconsideration of his or her sentence."
Kirby, 899 So.2d at 974 (emphasis added). If the Alabama Supreme Court had construed § 13A-5-9.1 as a bright-line rule precluding any inmate who had been convicted of an offense statutorily defined as a "violent offense" from sentence reconsideration, the Court would have instructed circuit courts to look no further than the statutory designation of the inmate's underlying offense. It certainly would not have instructed circuit courts to "evaluate the inmate's crime and his or her conduct associated with that crime" and to consider "the nature of the defendant's underlying conviction, other factors brought before *738 the judge in the record of the case, and information submitted to the judge by the DOC and the Parole Board concerning the inmate's behavior while incarcerated" in determining whether an inmate is a "nonviolent convicted offender" within the meaning of § 13A-5-9.1. Id. This Court is bound to follow the Supreme Court's opinion in Kirby and cannot overrule that decision by creating a bright-line rule precluding any inmate who has been convicted of an offense statutorily defined as a "violent offense" from sentence reconsideration under § 13A-5-9.1.
Of course, the statutory designation of an inmate's underlying offense as a "violent offense" is certainly an important consideration in determining whether an inmate is a "nonviolent convicted offender"; nothing in § 13A-5-9.1 or Kirby suggests otherwise. However, the statutory designation of an offense is not the only factor a circuit court may consider, and the fact that the inmate's underlying conviction was for an offense statutorily defined as a "violent offense" does not preclude a circuit court from considering other factors presented to it, such as the facts and circumstances surrounding the underlying offense, the facts and circumstances surrounding the inmate's prior convictions, the inmate's prison record, and any "other factors brought before the judge in the record of the case." Kirby, 899 So.2d at 974. In determining whether an inmate is a "nonviolent convicted offender" within the meaning of § 13A-5-9.1, a circuit court is not precluded from considering, nor may it refuse to consider, all of the factors presented to it by either party. As Holt argued to the circuit court, and argues to this Court, and as the Alabama. Supreme Court made clear in Kirby, whether an inmate is a "nonviolent convicted offender" is based on the totality of the circumstances.
By totality of the circumstances, we mean the totality of the information before the circuit court when it rules on the § 13A-5-9.1 motion. A circuit court is not required to solicit additional information before ruling on such a motion. To the contrary, a circuit court may summarily deny a § 13A-5-9.1 motion without holding an evidentiary hearing or otherwise requiring the submission of additional evidence not before it as part of the pleadings, if it so chooses. Nothing in § 13A-5-9.1 or Kirby requires otherwise. In addition, in determining whether an inmate is a "nonviolent convicted offender" within the meaning of § 13A-5-9.1, what weight to afford each factor presented to it is within the circuit court's discretion. A circuit court is not required to make specific findings of fact regarding the weight it affords each factor, and in reviewing a circuit court's determination of whether an inmate is a "nonviolent convicted offender," this Court will give the circuit court great deference regarding the weight it afforded the factors presented to it, and we will presume that the circuit court properly considered and weighed each factor presented, unless the record affirmatively shows otherwise. See, e.g., Prestwood, 915 So.2d at 583 (recognizing the limited appellate review of a motion filed under § 13A-5-9.1).
In this case, the circuit court found that Holt was a violent offender. However, based on the statements the court made during the hearing as well as in its order denying Holt's § 13A-5-9.1 motion, it is clear that the court's finding in that regard was based solely on the fact that Holt had been convicted of robbery in the first degree and that that crime is statutorily defined as a "violent offense." As this Court held in Sanders, supra, "[w]hether an inmate is a violent offender is for the circuit court to determine and, *739 in the absence of an abuse of its discretion in so determining, we will not disturb its finding on appeal." 934 So.2d at 433. We would certainly find no abuse of discretion in a circuit court's determining, after considering all the factors presented to it, that an inmate who had been convicted of robbery in the first degree was a violent offender and thus ineligible for sentence reconsideration under § 13A-5-9.1. Indeed, this Court upheld such a finding in Sanders. However, the circuit court in Sanders, unlike the circuit court in this case, considered more than just the fact that Sanders had been convicted of robbery in the first degree and that that crime was defined by statute as a "violent offense." In Sanders, unlike in this case, the circuit court's finding that Sanders was a "violent offender" was not based solely on the fact that Sanders's underlying conviction was for an offense defined by statute as a "violent offense," nor did the circuit court in Sanders refuse to consider all of the information presented to it by Sanders. To the contrary, the circuit court in Sanders specifically considered the facts and circumstances surrounding Sanders's robbery conviction (that Sanders had been armed with a .45 caliber pistol during the robbery) and Sanders's prison record (which the court found to be "`commendable'") and, after weighing those factors, the court then determined that Sanders's good prison record did not "`outweigh or overcome'" the violent conduct that gave rise to his robbery conviction and that, therefore, Sanders was a violent offender and ineligible for reconsideration of his sentence under § 13A-5-9.1. Sanders, 934 So.2d at 433. Here, however, the circuit court did not consider and weigh the facts and circumstances surrounding Holt's robbery conviction[6] or any other factors presented to it in determining that Holt was a violent offender, because it believed that it was precluded from doing so. In this regard, the circuit court erred, and its judgment must be reversed.
This is not to say that robbery in the first degree is not a violent offense or that the particular robbery committed by Holt was not a violent offense, nor that we believe that the circuit court in this case would be abusing its discretion in finding that Holt is a violent offender. Indeed, if the circuit court had determined that Holt was a violent offender after considering and weighing all of the factors presented to it, as the circuit court did in Sanders, *740 supra, we would have upheld the court's denial of Holt's § 13A-5-9.1 motion. However, the circuit court's finding that Holt is a violent offender was based on an erroneous interpretation of § 13A-5-9.1 and Kirby, i.e., that anyone convicted of an offense statutorily defined as a "violent offense" is, as a matter of law, a "violent offender" for purposes of § 13A-5-9.1 and, thus, ineligible for sentence reconsideration. Therefore, we must reverse the circuit court's judgment and remand this case to give the circuit court an opportunity to consider and weigh all of the factors presented to it by Holt and then to reconsider its determination that Holt is a violent offender and its denial of Holt's § 13A-5-9.1 motion. See, e.g., Mack v. State, 925 So.2d 999 (Ala.Crim.App.2005) (remanding for the circuit court to reconsider inmate's § 13A-5-9.1 motion where the circuit court mistakenly believed that inmate, convicted of Class B felony and sentenced to life imprisonment pursuant to § 13A-5-9(c)(2), was ineligible for reconsideration of his sentence).
Based on the foregoing, the judgment of the circuit court is reversed and this cause remanded for the circuit court to reconsider Holt's § 13A-5-9.1 motion in light of the principles set forth in this opinion.
OPINION OF DECEMBER 23, 2005, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, J., concur.
BASCHAB, J., concurs specially, with opinion, which WISE, J., joins.
BASCHAB, Judge, concurring specially.
I concur fully with the majority opinion, but I write specially to express my understanding of the main holdings of this opinion. First, a circuit court is not required to find that an inmate is not eligible to have his sentence reconsidered simply because his underlying conviction was for an offense that has previously been statutorily defined as a violent offense. Second, although a circuit court may order an evaluation by the Department of Corrections, it is not required to do so. Third, although a circuit court may conduct a hearing on a motion for reconsideration of sentence, it is not required to do so. Fourth, although a circuit court must consider the factors that are before it at the time it rules on a motion for reconsideration, it is not required to make findings of fact as to the weight it gave to each factor.
WISE, J., concurs.
NOTES
[1] Although the record does not contain the court's order appointing counsel, at the hearing counsel stated that he had been appointed.
[2] We note that Kirby was convicted of trafficking in controlled substances. See Kirby, 899 So.2d at 969. Trafficking in controlled substances is defined as a "violent offense" in § 12-25-32(13), Ala.Code 1975, the statute upon which the State primarily relied at the evidentiary hearing in this case in arguing against Holt's motion. See note 5, infra.
[3] Of course, a circuit court is not required to resentence an inmate merely because it determines that the inmate is eligible for reconsideration of his or her sentence.
[4] Section 12-25-32(12), Ala.Code 1975, defines a "violent offender" as "an offender who has been convicted of a violent offense, or who is determined by the trial court judge or a release authority to have demonstrated a propensity for violence, aggression, or weapons related behavior based on the criminal history or behavior of the offender while under supervision of any criminal justice system agency or entity."
[5] Black's Law Dictionary 1601 (8th ed.2004) defines "violence" as "[t]he use of physical force, usu[ally] accompanied by fury, vehemence, or outrage." The term "violent" is defined as "[o]f, or relating to, or characterized by strong physical force . . . [r]esulting from extreme or intense force . . . [v]ehemently or passionately threatening." Yet § 12-25-32 includes as violent offenses such crimes as trafficking in controlled substances under § 13A-12-231 and criminal possession of explosives under § 13A-7-44, neither of which requires either threats or the use of physical force.
[6] At the hearing, Holt argued that the robbery conviction was based on his walking into a convenience store and giving the clerk a note that stated: "`[T]his is a robbery, don't make it a murder.'"; that Holt caused no serious physical injury to the clerk; and that Holt was not armed at the time. Robbery in the first degree requires that the accused either use force or threaten the imminent use of force, see § 13A-8-43, Ala.Code 1975, and that the accused either "cause[ ] serious physical injury to another," § 13A-8-41(a)(2), or be "armed with a deadly weapon or dangerous instrument," § 13A-8-41(a)(1). Section 13A-8-41(b), however, provides that "any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed." Thus, an accused need not actually be armed with a deadly weapon to be convicted of robbery in the first degree under § 13A-8-41(a)(1); he need only represent that he is so armed. See, e.g., Dick v. State, 677 So.2d 1267 (Ala.Crim. App.1996). In this case, Holt was charged with threatening the imminent use of force while being armed with a pistol pursuant to § 13A-8-41(a)(1). (R. 26-27.) Holt argued to the circuit court that given the circumstances of his robbery convictionthat he did not actually use force against another person nor was he armed with a deadly weaponas well as all the other factors presented, the court could find him to be a "nonviolent convicted offender" under § 13A-5-9.1, despite the fact that robbery in the first degree is statutorily defined as a "violent offense."