Ray Anthony Coats was convicted in March 1987 of first-degree robbery. He was sentenced as a habitual offender to life imprisonment without the possibility of parole. On September 25, 2006, Coats filed a motion for reconsideration of his sentence pursuant to § 13A-5-9.1, Ala. Code 1975. Without requiring a response from the State, the circuit court denied the motion. In its order denying Coats's motion to reconsider, the trial court stated:
 "This matter is before the Court on [Coats's] Petition to modify his sentence pursuant to § 13A-5-9.1, Code of Alabama, 1975. [Coats] is presently serving a sentence of Life Without Parole as a Habitual Offender following his 1st degree robbery conviction.
 "Under this statute only those who are `nonviolent offenders' are eligible for consideration. See Kirby v. State, 899 So.2d 968 (Ala. 2004). The statute in question fails to define a crime of violence that would exclude a defendant from its consideration, so the Court looks to other statutes for guidance. Alabama Code § 13A-11-70 et. seq. includes among its defined `crimes of violence,' the crime of robbery. In this case, [Coats] was convicted of robbery in the 1st degree. The Court finds that [Coats] does not meet the requirement of a `nonviolent offender' and is therefore precluded from consideration under this statute. Defendant's Request for Relief is DENIED."
(R. 20-21.)
This Court stated in Holt v. State, 960 So.2d 726
(Ala.Crim.App. 2006), that the fact that a crime is statutorily defined as a "violent offense" is not binding on a circuit court in determining whether an inmate is a nonviolent offender and that merely because an inmate has committed an offense defined as violent in the general statutory definitions does not mean that that inmate is a violent offender. This Court further stated that while it would find no abuse of discretion if a circuit court determined after considering all the factors presented to it that an inmate who had been convicted of first-degree robbery was a violent offender, a circuit court could not find an inmate to be a violent offender based solely on the fact that he had been convicted of an offense statutorily defined as a "violent offense."
From the circuit court's order in the instant case, it appears that the court based its decision solely on the fact that Coats had been convicted of an offense statutorily defined as a "violent offense" and, thus, found that Coats was precluded from consideration of a new sentence. When ruling on motions for reconsideration, a circuit court often has only the underlying conviction before it on which to base its ruling. This Court has repeatedly affirmed those judgments. In those instances, however, either the circuit court also examined the facts of the underlying offense or there was nothing in the record to suggest that the circuit court had refused to consider all the information presented to it in determining that the inmate was a violent offender. In this case, although the circuit court did not state that it could not consider other information before *Page 1243 
it, the court appeared to conclude that Coats wasprecluded from sentence reconsideration because he had been convicted of an offense statutorily defined as a violent offense. Therefore, in accordance with Holt, supra, I would reverse the circuit court's judgment and remand this case for the circuit court to set aside its order denying Coats's motion for reconsideration and to consider Coats's motion pursuant to this Court's ruling in Holt. Thus, I must respectfully dissent.[1]
[1] In its brief to the court, the State concedes that the circuit court erred; however, it argues that the Alabama Supreme Court's ruling in Ex parte Gunn, [Ms. 1051754, September 21, 2007] So.2d (Ala. 2007), allows this Court to affirm the circuit court's judgment because, the State argues, the circuit court was not required to even consider Coat's second motion for reconsideration. In Ex parte Gunn, the Alabama Supreme Court, overruling Wells v. State,941 So.2d 1008 (Ala.Crim.App. 2005), held that the circuit court did have jurisdiction to consider successive motions for sentence reconsideration. The Court noted, however, that its opinion should not be construed as requiring trial courts to consider successive motions for reconsideration under § 13A-5-9.1, Ala. Code 1975, nor was it reaching the question whether the statute requires such a consideration. I do not find it necessary to reach that question in the instant case because the circuit court did consider Coats's second motion to reconsider and denied that motion based solely on the fact that Coats had been convicted of an offense statutorily defined as a "violent offense."
 *Page 376