WELCH, Judge,
dissenting.
On August 30, 2006, Johnny M. Young filed a § 13A-5-9.1, Ala.Code 1975, motion to reconsider his sentence of life imprisonment without the possibility of parole imposed upon his 1986 conviction for murder pursuant to the Habitual Felony Offender Act. The circuit court summarily denied Young’s motion to reconsider on October 2, 2006. In its order denying Young’s motion to reconsider, the trial court stated:
“This matter is before the Court on [Young’s] petition to modify his sentence pursuant to § 13A-5-9.1, Code of Alabama, 1975. [Young] is presently serving a sentence of Life Without Parole as a Habitual Offender following his Murder conviction in this case.
“Under this statute only those who are ‘nonviolent offenders’ are eligible for [sentence reconsideration]. See Kirby v. State, 899 So.2d 968 (Ala.2004). The statute in question fails to define a crime of violence that would exclude a defendant from its consideration, so the Court looks to other statutes for guidance. The Uniform Firearms Act, Alabama Code § 13A-11-70 et seq., includes among its defined ‘crimes of violence,’ the crime of murder. In this case, [Young] was convicted of murder. The Court finds that [Young] does not meet the requirement of a ‘nonviolent offender’ and is therefore precluded from consideration under this statute. Defendant’s Request for Relief is DENIED.”
(R. 20-21.)
This Court stated in Holt v. State, 960 So.2d 726 (Ala.Crim.App.2006), that the fact that a crime is statutorily defined as a “violent offense” is not binding on a circuit court in determining whether an inmate is a nonviolent offender and that merely because an inmate has committed an offense defined by statute as a violent offense does not mean that that inmate is a violent offender for purposes of § 13A-5-9.1. This Court further stated that although it would find no abuse of discretion if a circuit court determined after considering all the factors presented to it that an inmate who had been convicted of first-degree robbery was a violent offender, a circuit court could not find an inmate to be a violent offender based solely on the fact that he had been convicted of an offense statutorily defined as a “violent offense.”
From the circuit court’s order in the instant case, it is clear that the trial court based its decision solely on the fact that Young had been convicted of an offense statutorily defined as a “violent offense.” As a result of that determination, the trial court found that Young’s petition could not be considered — as opposed to its being considered and then denied.
“When ruling on motions for reconsideration, a circuit court often has only the underlying conviction before it on which to base its ruling. This Court has repeatedly affirmed those judgments. In those instances, however, either the circuit court also examined the facts of the underlying offense or there was nothing in the record to suggest that the circuit court had refused to consider all the information presented to it in determining that the inmate was a violent offender.”
Coats v. State 986 So.2d 1241, 1242 (Ala.Crim.App.2007) (Welch, J., dissenting)
In this case, although the circuit court did not affirmatively state that it could not consider other information before it, the court did conclude that Young’s petition was precluded from sentence reconsideration under § 13A-5-9.1 only because he had been convicted of an offense statutorily defined as a violent offense. There is simply no basis on which to find that the court considered anything except the fact that the crime for which Young was sen *888 tenced was a statutorily defined crime of violence, i.e., murder.
In its order, the court held that Young was “precluded from consideration under this statute” and not that his petition had been considered and then denied. (Emphasis added.) Under Holt, the matters contained in the offender’s petition and other attendant circumstances must be considered, not just whether the crime for which the offender was convicted has been statutorily defined as a crime of violence. In refusing to consider Young’s petition, the court failed to follow Holt and limited its review to a determination that the crime of murder was a crime of violence thus precluding sentence reconsideration. In accordance with Holt, supra, I would reverse the circuit court’s judgment and remand this case for the circuit court to set aside its order denying Young’s motion for sentence reconsideration and to consider Young’s motion pursuant to this Court’s ruling in Holt. Thus, I must respectfully dissent.