WELCH, Judge.
 

 William E. Calhoun appeals from the denial of his motion to reconsider his sentence, made pursuant to § 13A-5-9.1, Ala. Code 1975, commonly referred to as a
 
 Kirby
 
 motion.
 
 Kirby v. State,
 
 899 So.2d 968 (Ala.2004). On November 15, 1993, Calhoun pleaded guilty to and was convicted in two cases of second-degree burglary and one ease of promoting prison contraband. As a result, he was sentenced as a habitual felony offender to three concurrent terms of life imprisonment.
 

 On July 12, 2007, Calhoun filed the instant
 
 Kirby
 
 motion in the Choctaw Circuit Court, requesting that the court reconsider his sentence and resentence him to 15 years on each offense because, he says, he was a “non-violent convicted offender.” (C. 42.) The trial court issued an order on December 12, 2007, requiring the Alabama Board of Pardons and Paroles to furnish a pre-sentence report and the Alabama De
 
 *1171
 
 partment of Corrections to submit to the trial court information about Calhoun’s sentences, his next parole-review date, and his conduct while in prison. After appointing counsel, the trial court on March 20, 2008, held a hearing on Calhoun’s motion for reconsideration of his sentence. (R. 1-8.) Before any evidence was taken, the attorney for the State asserted:
 

 “In
 
 Kirby
 
 certain requirements had to be met prior to the defendant being eligible for reconsideration. One of those requirements is that a defendant must not have been convicted of any violent crime. For that reason the State moves to dismiss the petition filed by the defendant for reconsideration of his sentence due to the fact he has been previously convicted of a violent crime, and violent offenders are not eligible under
 
 Kirby.
 

 “If the Court would look at Page 6, actually Page 7 of [the Report of Investigation prepared by the Alabama Board of Pardons and Paroles], the defendant was convicted in Geneva County Circuit Court on January 2nd of 2007 of sexual abuse in the second degree, [cjlearly a violent crime as the Statute and case law holds. Burglary is a violent crime, and he’s got numerous burglary second convictions. A burglary second conviction would qualify as a violent crime, not burglary third.
 

 “Based on that, I believe the Court could make a determination of his petition procedurally. There is no reason to have a hearing on the merits because he is not eligible under the ruling in
 
 Kirby.”
 

 (R. 2-3.)
 

 Calhoun, through counsel, argued that the offenses that were characterized by the district attorney as violent offenses were committed without any violence on his part. We note that § 13A-11-70(2), Ala.Code 1975, includes burglary as a crime of violence, but not second-degree sexual abuse. Section 12-25-32(13), Ala. Code 1975, considers first-degree sexual abuse and second-degree burglary only in some situations as violent offenses. Also, Calhoun’s conviction for promoting prison contraband is a Class C felony and therefore not eligible for resentencing under § 13A-5-9.1, Ala.Code 1975.
 

 Following the arguments of counsel and before the presentation of any evidence, the trial court stated: “All right. I think this petition is procedurally barred by virtue of the fact he has a violent offense. I’m going to dismiss his petition based on that ground.” (R. 6-7.) On the same date, the trial court issued a written order, which stated: “The Defendant’s
 
 Kirby
 
 Petition is dismissed for the cause that the Defendant has been previously convicted of a violent crime, to-wit: Sexual Abuse, 2nd Degree and Burglary, 2nd Degree.” (C. 121.)
 

 Calhoun petitioned the trial court to reconsider and reduce the sentences of life imprisonment that had been imposed as a result of his convictions of two counts of second-degree burglary and one count of promoting prison contraband. The trial court considered that Calhoun had been convicted of the second-degree-burglary charges in Choctaw County and a second-degree-sexual-abuse charge in Geneva County. It is clear that the trial court believed that it could not grant relief because the court considered second-degree sexual abuse and second-degree burglary to be violent crimes, precluding resentenc-ing pursuant to § 13A-5-9.1, Ala.Code 1975.
 

 This is not a case in which the trial court considered the defendant’s record, considered his conduct, determined whether he was eligible for resentencing as a “nonviol
 
 *1172
 
 ent convicted offender” pursuant to § 13A-5-9.1, Ala.Code 1975, and then denied his motion for resentencing. In such a case, the decision of the trial court is entitled to great deference and will not be disturbed on appeal.
 
 See Kirby,
 
 899 So.2d at 974 (noting that “the state’s trial judges have the authority under the statute to determine whether a defendant is a nonviolent offender”).
 
 See also, Sanders v. State,
 
 934 So.2d 432, 434 (Ala.Crim.App.2005) (“Whether an inmate is a violent offender is for the circuit court to determine and, in the absence of an abuse of its discretion in so determining, we will not disturb its finding on appeal.”).
 

 This is a case in which the trial court incorrectly concluded that Calhoun was not eligible for resentencing because he had been “previously convicted of a violent crime.” (C. 121.)
 

 As explained in
 
 Holt v. State,
 
 960 So.2d 726 (Ala.Crim.App.2006), it is the conduct of the petitioner and the individual circumstances of the crimes he has committed that form the basis for a determination of whether the petitioner is a “non-violent convicted offender,” pursuant to § 13A-5-9.1, Ala.Code 1975:
 

 “Therefore, the fact that a crime is defined as a ‘violent offense’ under § 13A-11-70 and/or § 12-25-32 [Ala.Code 1975], although certainly a relevant and appropriate consideration, is not binding on a circuit court in determining whether an inmate is a ‘nonviolent convicted offender’ within the meaning of § 13A-5-9.1. In other words, merely because an inmate has been convicted of a ‘violent offense’ as defined in § 13A-11-70 and/or § 12-25-32 does not mean that that inmate is a ‘violent offender’ for purposes of § 13A-5-9.1; committing a ‘violent offense’ as defined in § 13A-11-70 and/or § 12-25-32 is not the equivalent of being a ‘violent offender’ under § 13A-5-9.1. Had the legislature intended to preclude any inmate convicted of a ‘violent offense’ as defined in § 13A-11-70 and/or § 12-25-32 from receiving the benefits of § 13A-5-9.1, it could have easily said that § 13A-5-9 would apply retroactively only to those offenders who had not been convicted of an offense defined by statute as a ‘violent offense.’ Instead, the legislature chose to state that § 13A-5-9 would apply retroactively to any ‘nonviolent convicted offender.’ ”
 

 960 So.2d at 736-37.
 

 Although, had it been considered, there was ample evidence in the record to support a discretionary decision that Calhoun was not a nonviolent convicted offender, that evidence consisted of numerous infractions of various prison disciplinary rules and regulations, some of that involved arguably violent incidents, as well as a record of eight felony offenses committed prior to the three convictions that are the basis of the instant petition, and one felony conviction in 2007 for second-degree sexual abuse, committed after them. However, the trial court did not determine that Calhoun was not a nonviolent convicted offender based on his conduct, but solely on the character of the offenses he had committed. This denied to Calhoun the individualized determination of whether he should be resentenced under § 13A-5-9.1, Ala.Code 1975.
 

 If this Court had only the trial court’s ambiguous written order, then we might interpret that order to mean that the trial court found Calhoun to be a violent offender based on the totality of all the facts before it. However, before the entry of the written order, the trial court stated that Calhoun could not be considered for resentencing because he was
 
 “procedurally barred
 
 by virtue of the fact he has a violent offense.” (R. 6-7; emphasis add
 
 *1173
 
 ed.) In view of this statement, it is clear that the trial court determined that Calhoun was a violent offender only on the basis that burglary is defined by statute as a violent offense.
 

 Based on the foregoing, the judgment of the circuit court is reversed and this cause remanded for the circuit court to reconsider Calhoun’s
 
 Kirby
 
 motion in light of the principles set forth in
 
 Kirby,
 
 supra,
 
 Holt,
 
 supra, and this opinion. We emphasize that we are expressing no opinion on whether Calhoun is or is not a violent offender. Our holding is limited to a determination that the trial court incorrectly determined that Calhoun was ineligible to be considered for resentencing under § 13A-5-9.1, Ala.Code 1975.
 

 REVERSED AND REMANDED WITH DIRECTIONS.
 

 WISE, P.J., and WINDOM and KELLUM, JJ., concur.