*102
 
 WELCH, Judge.
 

 Samuel Lashaun Lee appeals from the circuit court’s summary denial of his petition seeking resentencing pursuant to § 15-22-54.1, Ala.Code 1975.
 

 On July 2, 2010, Lee filed a petition for resentencing pursuant to § 15-22-54.1, Ala.Code 1975. In his petition, Lee asserted that he had been convicted of first-degree robbery and sentenced to 15 years’ imprisonment. The trial court suspended the sentence and placed Lee on five years’ probation. Lee stated that his probation was revoked on November 10, 2004. The record does not disclose the reason for the revocation. Lee attached to his petition documents reflecting that he had completed various programs while he was incarcerated. On July 12, 2010, without requiring further information or a response from the State, the circuit court summarily denied Lee’s petition on the basis that Lee’s underlying conviction was for a violent offense.
 
 [1]
 
 This appeal followed.
 

 On appeal, Lee argues that the circuit court erred when it determined that he was ineligible for resentencing under § 15-22-54.1 because he is a violent offender. Lee argues that the reasoning of
 
 Holt v. State,
 
 960 So.2d 726, 734 (Ala.Crim.App.2006), should apply when a trial court considers a petition filed pursuant to § 15-22-54.1 and that a trial court should consider the totality of the circumstances to determine whether the petitioner is a nonviolent offender. For the reasons stated below we determine that the principles announced in
 
 Holt
 
 governing the implementation of § 13A-5-9.1, Ala.Code 1975, do not apply to cases involving resentenc-ing pursuant to § 15-22-54.1, Ala.Code 1975.
 

 The Alabama Legislature amended § 15-22-54, effective April 30, 2010, to limit incarceration in the penitentiary for eligible offenders whose probation has been revoked as the result of technical violations and to provide retroactive relief to certain inmates serving time following the revocation of probation for a technical violation. Act No. 2010-753, Ala. Acts 2010. In that same act, it added § 15-22-54.1, Ala.Code 1975, which provides for retroactive review of a sentence in a case in which the offender’s probation was revoked before the effective date of the amendment to § 15-22-54:
 

 “(a) Any person convicted of a
 
 nonviolent offense
 
 now serving a prison sentence based on revocation of probation as a result of only technical violations shall be entitled to be resentenced upon petition to the sentencing court. Such petition shall be on a form and filed in the manner prescribed by the Administrative Office of Courts. Petitions shall be considered authorized motions for modification of sentence, assigned a unique identifier by the Administrative Office of Courts, and shall not require payment of a filing fee.
 

 “(b) The court shall have jurisdiction to resentence the offender in accordance with the terms of this section, upon a showing of the following:
 

 “(1) The offender successfully completed the terms of probation for six months.
 

 “(2) Probation was thereafter revoked and the offender was sentenced to the penitentiary only as a result of technical violations of probation.
 

 
 *103
 
 “(3) The offender has no disciplinary infractions while serving the sentence in the penitentiary.
 

 “(4) The offender has no pending charges or convictions for a new offense.”
 

 § 15-22-54.1, Ala.Code 1975 (emphasis added).
 

 In the absence of a statute like § 15-22-54.1, Ala.Code 1975, conferring jurisdiction, a circuit court loses jurisdiction to resentence a defendant 30 days after sentencing.
 

 “[Pjursuant to Rule 24, Ala. R.Crim. P., a defendant may request, and the trial court may order, a modification of his sentence only within 30 days after sentencing.
 
 See Ex parte Hitt,
 
 778 So.2d 159 (Ala.2000). Because the appellant filed his ‘Motion to Reconsider Sentence’ more than 30 days after he was sentenced, his request was not timely. Therefore, the circuit court did not have jurisdiction to modify the appellant’s sentences in cases CC-99-1275, CC-99-1276, CC-99-1277, and CC-99-2710. Furthermore, because it did not have jurisdiction to resentence the appellant on those cases, the circuit court’s revocation of his probation with regard to those cases is null and void.”
 

 Cruitt v. State,
 
 893 So.2d 1286, 1238 (Ala.Crim.App.2003).
 

 The Alabama Supreme Court explained in
 
 Kirby v. State,
 
 899 So.2d 968 (Ala.2004):
 

 “Only the Legislature, within constitutional limits, has the authority to alter the jurisdiction of the circuit courts.
 
 Henderson v. State,
 
 616 So.2d 406, 407-10 (Ala.Crim.App.1993). By passing a general act of statewide application, the Legislature can change the rules this Court has promulgated governing the administration of all courts.
 
 Ex parte Kennedy,
 
 656 So.2d 365, 367 (Ala.1995).”
 

 899 So.2d at 972.
 

 A circuit court’s power to resentence a defendant is prescribed by the parameters set forth by the legislature when it changes the rules promulgated to govern the administration of the courts, based on the plain language of the statute and any judicial interpretation of ambiguous language in the statute. This Court has not yet reviewed many cases applying this new statute.
 
 See McQuieter v. State,
 
 [Ms. CR-09-1760, December 17, 2010] — So.3d -(Ala.Crim.App.2010) (holding that circuit court had jurisdiction to modify McQuieter’s sentence even though a “straight sentence” had been imposed following the revocation of his probation).
 

 Lee relies on
 
 Holt v. State,
 
 960 So.2d 726 (Ala.Crim.App.2006), interpreting § 13A-5-9.1, Ala.Code 1975, when he argues that the circuit court should have made a determination, based on the totality of the circumstances, whether he was a nonviolent offender. However, although § 13A-5-9.1, Ala.Code 1975, permits retroactive sentence consideration for a “nonviolent offender,” § 15-22-54.1(a), Ala.Code 1975, provides for retroactive review of a sentence following revocation of probation in limited cases and only for a defendant who had been convicted of a “nonviolent offense.” This presents a significant distinction between the two statutes and limits application of § 15-22-54.1 to a specific group of defendants based initially and solely on whether the underlying crime was a violent crime. When it enacted § 15-22-54.1 the legislature undoubtedly was aware of the term, “nonviolent convicted offender,” it had used when it enacted § 13A-5-9.1 in 2001, and it did not use the same term again in 2010 when it enacted this statute. Instead, the legislature limited application of this
 
 *104
 
 statute to those defendants who had been “convicted of a nonviolent offense.” This Court has noted previously the significance of the distinction between these terms:
 

 “Had the legislature intended to preclude any inmate convicted of a ‘violent offense’ as defined in § 13A-ll-70[, Ala. Code 1975,] and/or § 12 — 25—32[, Ala. Code 1975,] from receiving the benefits of § 13A-5-9.1, it could have easily said that § 13A-5-9 would apply retroactively only to those offenders who had not been convicted of an offense defined by statute as a ‘violent offense.’ Instead, the legislature chose to state that § 13A-5-9 would apply retroactively to any ‘nonviolent convicted offender.’ ”
 

 Holt v. State,
 
 960 So.2d 726, 736-37 (Ala.Crim.App.2006)
 

 The legislature has now made the distinction this Court discussed in
 
 Holt.
 
 “Principles of statutory construction instruct this Court to interpret the plain language of a statute to mean exactly what it says and to engage in judicial construction only if the language in the statute is ambiguous.”
 
 Ex paHe Pratt,
 
 815 So.2d 532, 535 (Ala.2001). We must, then, interpret the statute as it is written.
 

 We find no support in the plain language of the statute for Lee’s argument that the trial court erred when it failed to consider whether he was a nonviolent offender based not solely on the underlying offense but on the totality of the circumstances and as discussed in
 
 Holt v. State.
 
 In enacting § 15-22-54.1, the legislature clearly limited the statute’s application to those defendants whose underlying conviction was for a nonviolent offense. The clear language of the statute does not permit a consideration of whether the
 
 offender
 
 is a nonviolent offender, based on consideration of any additional factors.
 

 Thus, a circuit court considering a petition filed pursuant to § 15-22-54.1 must first determine whether the defendant was convicted of a “nonviolent offense” before it considers any additional parameters. Then, § 15 — 22—54.1(b), Ala.Code 1975, confers jurisdiction upon a circuit court to resentence a defendant after 30 days from the pronouncement of sentence in the underlying case only if all four elements set out in the statute are satisfied.
 

 Section 15-22-54.1, Ala.Code 1975, does not specifically define which offenses are considered nonviolent offenses. However, the legislature has enacted a statute specifically defining the term “violent offense” in the context of sentencing. The Alabama Sentencing Reform Act of 2003 provides the most recent statutory designation of offenses deemed violent offenses. § 12-25-32(13), Ala.Code 1975. First-degree robbery is included in the list of offenses designated as violent offenses. § 12-25-32(13)a.28, Ala.Code 1975. Thus, because Lee had been convicted of an offense statutorily defined as a violent offense, he was not eligible — under the explicit terms of the statute as it is written— to be resentenced pursuant to § 15-22-54.1, Ala.Code 1975.
 

 The circuit court had no jurisdiction to resentence Lee, and its order denying relief operated as a dismissal of Lee’s petition.
 

 Accordingly, we affirm the circuit court’s judgment.
 

 AFFIRMED.
 

 WINDOM and KELLUM, JJ., concur.
 

 [1]
 

 . Although the circuit court did not use the State of Alabama Unified Judicial System Form CR-63B in denying Lee's petition for resentencing, that form lists possible grounds for denial of a petition and includes that the petitioner’s conviction had been for a violent offense.