REL: 10/24/2014

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

OCTOBER TERM, 2014-2015

_____

1131418

_____

Ex parte Terry Tatum

PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CRIMINAL APPEALS

(In re: Terry Tatum

v.

State of Alabama)

(St. Clair Circuit Court, CC-90-107; CC-90-108; and
CC-90-109; Court of Criminal Appeals, CR-13-1132)

STUART, Justice.

WRIT DENIED. NO OPINION.

1131418

Bolin, Parker, Murdock, Shaw, Main, Wise, and Bryan, JJ.,concur.

Moore, C.J., dissents.

2

1131418

MOORE, Chief Justice (dissenting).

I respectfully dissent from the Court's decision to deny Terry Tatum's petition for a writ of certiorari because I believe that, for purposes of reconsidering an inmate's sentence pursuant to § 13A-5-9.1, Ala. Code 1975 (repealed effective March 13, 2014, by Act No. 2014-165, Ala. Acts 2014),[1] a circuit court must require the Department of Corrections to submit an inmate evaluation to the court.

Tatum was convicted of two counts of first-degree sodomy, violations of § 13A-6-63, Ala. Code 1975, and one count of first-degree rape, a violation of § 13A-6-61, Ala. Code 1975. He was sentenced as a habitual felony offender to life imprisonment without the possibility of parole for each conviction. In December 2013, he filed the underlying motion for sentence reconsideration,[2] his second, and the circuit

---

[1]Section 13A-5-9.1 stated: "The provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or, if the sentencing judge is no longer in office, by any circuit judge appointed by the presiding judge, for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court."

[2]A motion for sentence reconsideration is often called a "Kirby motion." See Kirby v. State, 899 So. 2d 968 (Ala. 2004)(explaining an inmate's eligibility for sentence

3

1131418

court denied the motion. Tatum appealed the denial of his motion to the Court of Criminal Appeals. On August 15, 2014, the Court of Criminal Appeals affirmed the circuit court's denial of Tatum's motion in an unpublished memorandum. Tatum v. State (No. CR-13-1132, August 15, 2014), ___ So. 3d ___ (Ala. Crim. App. 2014)(table). Tatum now petitions this Court for a writ of certiorari to review the Court of Criminal Appeals' decision, arguing that the following language from the Court of Criminal Appeals' unpublished memorandum conflicts with Holt v. State, 960 So. 2d 726 (Ala. Crim. App. 2006), and Kirby v. State, 899 So. 2d 968 (Ala. 2004):

> "Although an inmate's behavior while incarcerated is a factor in determining whether he is a nonviolent offender, '§ 13A-5-9.1 does not require a circuit court to order, or the Department of Corrections to submit, an inmate evaluation; it merely permits the consideration by the circuit court of such an evaluation.'"

(Quoting Holt, 960 So. 2d at 737.) I agree with Tatum that this language conflicts with Alabama law. As I explained in my dissent in a similar case, Ex parte Gill, [Ms. 1130649, June 20, 2014] ___ So. 3d ___, ___ (Ala. 2014):

> "Kirby implies that a presumption of nonviolence attaches to a motion for sentence reconsideration by

reconsideration).

4

holding that 'if the DOC [Department of Corrections] does not provide the evaluation in a timely fashion, the State will have waived any input as to the inmate's conduct while incarcerated that the sentencing judge or the presiding judge might otherwise have considered in determining whether the inmate is a nonviolent offender.' Kirby, 899 So. 2d at 975. Moreover, '[w]hile the information available to the trial court in the DOC's evaluation will be helpful in making its determination,' the Department of Corrections' failure to submit an evaluation waives the State's input regarding whether the inmate is a violent offender. 899 So. 2d at 874. If the Department of Corrections does not submit an evaluation, then it presents no evidence to rebut an inmate's claim that the inmate is a nonviolent convicted offender. I disagree that '§ 13A-5-9.1 does not require a circuit court to order, or the Department of Corrections to submit, an inmate evaluation, [and that] it merely permits the consideration by the circuit court of such an evaluation.' Holt, 960 So. 2d at 737. The circuit court is required to order the Department of Corrections to submit an inmate evaluation."

Because § 13A-5-9.1 requires circuit courts considering a motion for sentence reconsideration to order the Department of Corrections to submit to the circuit court an evaluation of an inmate's behavior while in prison, I believe the Court of Criminal Appeals' unpublished memorandum contradicts Alabama law. Therefore, Tatum is entitled to certiorari review of its decision. See Rule 39, Ala. R. App. P.