MOORE, Chief Justice
(dissenting).
I respectfully dissent from this Court’s decision to deny the petition for the writ of certiorari. Joe Bennett, the petitioner, was sentenced as a habitual felony offender to life imprisonment without the possibility of parole for two convictions in 1999 for first-degree robbery. On March 6, 2014, Bennett filed a motion for sentence reconsideration pursuant to § 13A-5-9.1, Ala.Code 1975 (repealed effective Mdrch 13, 2014, see Act No. 2014-165, Ala. Acts 2014) (a motion for sentence reconsideration is often referred to as a “Kirby motion” in light of this Court’s decision in Kirby v. State, 899 So.2d 968 (Ala.2004)). According to the unpublished memorandum of the Court of Criminal Appeals, “the circuit court dismissed Bennett’s motion [for sentence] reconsideration based on its determination that ‘Robbery 1st is a violent felony.’ ” I believe the circuit court erred in dismissing, and the Court of Criminal Appeals erred in affirming, Bennett v. State (No. CR-13-1612, November 14, 2014), — So.3d - (Ala.Crim.App. 2014) (table), Bennett’s motion for sentence reconsideration based solely on the statutory definition' of Bennett’s underlying offense as violent.
Two justices, writing for the Court, recently recognized that “ ‘whether an inmate is a “nonviolent convicted offender” is based on the totality of the circumstances.’ ” Ex parte Harper, [Ms. 1130496, February 13, 2015] — So.3d -, - (Ala.2015) (quoting Holt v. State, 960 So.2d 726, 738 (Ala.Crim.App. 2006)). The opinion noted that the Court of Criminal Appeals’ decision in “Holt prohibits circuit courts from ruling on Kirby motions based solely on the statutory designation of the inmate’s underlying offense.” — So.3d at-.
“[I]t is clear that the Court of Criminal Appeals in Holt did not intend to authorize or validate what it characterized as ‘an erroneous interpretation of § 13A-5-9.1 and Kirby,’ namely, ‘that anyone convicted of an offense statutorily’ defined as a ‘violent offense’ is, as a matter of law, a ‘violent offender’ for the purposes of § 13A-5-9.1, and, thus, ineligible for sentence reconsideration., Holt, 960 So.2d at 740....
“ ‘If the Alabama Supreme Court had construed § 13A-5-9.1 as a bright-line rule precluding any inmate who had been convicted of an offense statutorily defined as a “violent offense” from sentence reconsideration, the Court would have instructed circuit courts to look no further than the statutory designation of the inmate’s underlying offense.’
“Holt, 960 So.2d at 737. The fact that one commits a violent offense or ‘crime of violence,’ as that term is defined in § 13A-ll-70(2), Ala.Code 1975, does not forever prohibit one from being considered a ‘nonviolent convicted offender’ for the purpose of § 13A-5-9.1. The plain language of § 13A-5-9.1 does not ask whether the crime the offender committed, was a violent crime;' rather, the statute asks "whether 'the convicted offender is nonviolent.”
*617 Harper, — So.3d at --. “Although it is appropriate for a circuit court to consider whether the offense committed by an inmate seeking reconsideration of his or her sentence is statutorily defined as a ‘violent offense,’ this fact alone does not necessarily render an inmate a violent convicted offender.” Ex parte Gill, 157 So.3d 881, 885 (Ala.2014) (Moore, C.J., dissenting).
Bennett is not forever a “violent convicted offender” solely because he was convicted twice for first-degree robbeiy, which is classified as a violent offense. Therefore, T would grant Bennett’s petition for a writ of certiorari and remand the case to the Court of Criminal Appeals with instructions for that court to remand the case for the circuit court to reconsider Bennett’s motion for sentence reconsideration, as this Court did in Harper. “[T]he window for the review of Kirby motions has been closing since the repeal of § 13A-5-9.1.,” and Bennett, like the petitioner in Harper, who was also “faced with his last opportunity to take advantage of § 13A-5-9.1,” is - entitled to a reconsideration of his sentence in light of the totality of the circumstances, including his behavior during his incarceration. Harper, — So.3d at-.